233 P.2d 799

HOPSON v. NORTH AMERICAN INS. CO.

No. 7719.

Supreme Court of Idaho.

July 5, 1951.

Wm. S. Hawkins and E. L. Miller, Coeur d'Alene, for appellant.

462

Clay Spear, Coeur d'Alene, Keith, Winston, MacGillivray & Repsold, Spokane, Wash., for respondent.

THOMAS, Justice.

The action was commenced on February 7, 1950 in the District Court of Kootenai County, Idaho, by appellant, plaintiff below, who will hereinafter be referred to as plaintiff.

The action was instituted against the respondent, defendant in the lower court. Service was made upon the defendant on February 10, 1950.

The defendant made no appearance in the State District Court but on February 27, 1950 filed its petition for removal to the Federal District Court and in all respects, as conceded by appellant, complied with the procedural requirements to effectuate such removal, if the case be removable.

On March 27, 1950 without notice to the defendant, plaintiff moved the District Court of the State of Idaho for default on the ground that more than twenty days had expired since the service of summons and complaint upon defendant and that defendant had failed to file any appearance therein and that the time for such appearance had expired; on the same day, pursuant to this motion, without notice to defendant the District Judge of said District Court of the State of Idaho made and entered an order authorizing the Clerk of the State District Court to make and enter a default against the defendant. Such default was entered.

Thereafter and on April 6, 1950, the plaintiff made appearance in the United States District Court and moved that court to remand the cause back to the District Court of the State of Idaho; thereafter and on May 1, 1950, while awaiting the decision of the Federal District Judge on

the motion to remand, the defendant filed a general demurrer in the District Court of the State of Idaho.

On June 16, 1950 the Federal District Judge of the State of Idaho entered an order granting the motion of the plaintiff remanding the cause from the United States District Court to the District Court of Kootenai County, State of Idaho.

On the following day the defendant filed a motion to vacate the default entered in the District Court of the State of Idaho and thereafter the District Judge of said District Court of the State of Idaho made and entered an order granting the motion of the defendant and vacating the default entered therein. From such order vacating and setting aside the default the plaintiff has prosecuted her appeal to this court.

From the foregoing statement it is apparent that the primary question for determination in this case, and the one which we deem decisive, concerns what effect, if any, the proceedings pending in the Federal District Court for the removal of the cause from the State District Court, which is not removable, have upon any proceedings taken in the State District Court while such proceedings were pending in the Federal Court and before the cause is remanded to the State District Court.

It is urged by appellant that where the defendant does not make out a case for removal, the jurisdiction of the Federal Court does not attach and the State Court does not surrender its jurisdiction but may proceed with the case as if no application for removal had been made and in the instant case may order the entry of default for failure to answer or otherwise plead to the complaint within the time permitted by the statutes of this state and that defendant takes his chances when he attempts to remove a case not removable. Appellant's contention in this respect under 28 U.S.C.A. 72, prior to amendment is supported by Morbeck v. Bradford-Kennedy Co., 19 Idaho 83, 113 P. 89; State v. American Surety Co., 26 Idaho 652, 145 P. 1097; Finney v. American Bonding Co., 13 Idaho 534, 90 P. 859, 91 P. 318; Mills v. American Bonding Co., 13 Idaho 556, 91 P. 381, and many cases from other jurisdictions. See 45 Am.Jur., Sec. 179, p. 934; Sec. 204, p. 950. Appellant urges that the amendment has resulted in no change in the law as announced in these cases; with this we cannot agree.

All of these decisions were rendered under the "Removal Act", 28 U.S.C.A. § 72, prior to its amendment effective May 24, 1949, 28 U.S.C.A. § 1446.

In order to ascertain whether or not Congress intended to effect a change by the enactment of 28 U.S.C.A. § 1446 which would operate to void any proceedings taken in the State Court, pending the determination of the movability of the cause in the Federal Court even though it was ultimately determined that it was not in fact removable, we must look to the statute as amended, unaided by any decisions con-

struing the amended statute, because counsel on neither side has called our attention to any case construing the statute since amended, nor have we been able to find any such case.

■ The amendment of an existing act indicates that a change was intended. State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; Stewart v. Common School Dist., 66 Idaho 118, 156 P.2d 194.

It is provided under Sec. 72 in pertinent part as follows: "Whenever any party entitled to remove any suit * * *, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, * * * in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit * * * and shall make and file therewith a bond, * * * for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto * *. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. * * * *"

28 U.S.C.A. § 1446 provides in pertinent part as follows:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. * * *

"(c) * * *

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State

court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Under the earlier Act, fortified by the decisions thereunder, if it was ultimately determined that the cause was not removable, that is, that the defendant was not entitled to remove it, the defendant could not protect his rights awaiting such determination without filing an appropriate appearance in the State court, a usual practice, State v. American Surety Co., supra; and perhaps by proceeding in both courts simultaneously until the question of removability had been determined. Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 717, 85 L.Ed. 1044.

The import of the decisions under 28 U.S. C.A. § 72 is clear to the effect that the defendant when petitioning for removal must assume the consequences if the case is remanded and he does not preserve his rights in the State court, because as the Act has been construed by the courts if the case was remanded for want of jurisdiction, the Federal Court is regarded as never having acquired jurisdiction. Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279; the rule that such proceedings in a State court following a petition for removal are valid where the suit is not in fact removable is "the logical corollary of the proposition that such proceedings are void if the cause was removable". Metropolitan Casualty Co. v. Stevens, supra, and the cases therein cited.

In that case as well as in the case of Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036, the clear import of each decision is to the effect that proceedings had in a State court, including the entry of default, while the petition for removal is pending in the Federal Court and before it is remanded, are valid if the cause is not in fact removable; in other words, if a party is entitled to remove a suit, (but not otherwise) and the procedural steps are taken, the State court shall proceed no further because jurisdiction has been moved to the Federal Court and should the State court proceed further, its acts in this respect would be void.

In pointing out a better practice to be followed in the State courts under the Act prior to amendment, and at the same time recognizing the existence of the right to enter such default, the court in the Metropolitan case said: "If, in cases like the present one, the state court is assured that the federal court will decide promptly the question of removability, it is better practice to await that decision (Chesapeake & O. R. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; Baltimore & O. R. Co. v. Koontz, [104 U.S. 5, 26 L.Ed. 643] supra), but we cannot say that failure to do so is a denial of a federal right if the cause was not removable."

With this background we will now again consider the old law, 28 U.S.C.A. § 72, and the new law, 28 U.S.C.A. § 1446. Under Section 72, after filing petition and bond in the State court it is provided that the

State court shall proceed no further in the suit; however, the courts have construed this as a proscription against the State only if the cause is not removable.

By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited.

Apparently to overcome the endless and multiple litigation and resulting severe hardships which arose under Section 72 as construed, the amendment was prompted not only for the purpose of removing from the State court the authority in any event to pass upon the question of removability but also for the purpose of effectuating the removal by following all the statutory steps as effectively as if the cause had originally been filed in the Federal Court, thus voiding any further proceedings in the State court until and unless the cause is remanded.

We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of the State court; furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court, will have no force or effect.

All other contentions urged by appellant have been considered; however, the conclusions reached herein dispose of such contentions, and we deem it unnecessary to discuss them.

The order vacating and setting aside the order of default and the entry of default is affirmed.

Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR, and KEETON, JJ., concur.