Theodore G. BELEOS, Plaintiff,

v.

LIFE AND CASUALTY INSURANCE
COMPANY OF TENNESSEE,
Defendant.

Civ. A. No. 5457.

United States District Court
E. D. South Carolina,
Columbia Division.

April 6, 1956.

J. Clator Arrants, Murchison & West, Camden, S. C., for plaintiff.

Joseph L. Nettles, Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

I have for consideration defendant's motion for leave to serve upon plaintiff's attorneys and to file with the Clerk of Court of Common Pleas of Kershaw County, South Carolina, notice of removal of this action, and to serve upon plaintiff's attorneys a copy of defendant's answer.

It appears that this action was commenced in the Court of Common Pleas of Kershaw County, South Carolina, on January 9, 1956, by the service of a summons and complaint upon the Insurance Commissioner of South Carolina, defendant's statutory agent for the receipt of service. Thereafter, on January 27, 1956, defendant's attorney filed with the clerk of this Court a petition for removal accompanied by the necessary bond but neglected to file a copy of the petition with the clerk of the State Court and failed to serve written notice of the filing of the petition in this Court upon plaintiff's attorneys. On February 1, 1956, defendant's attorney also filed with the clerk of this Court its answer but neglected to serve a copy of the same upon plaintiff's attorneys. Unconscious of either the attempted removal or the filing of defendant's answer in this Court, plaintiff's attorneys, on February 2, 1956,

filed in the State Court an affidavit of default. On March 10, 1956, after a jury trial, the State Court rendered judgment against defendant by default. On March 12, 1956, defendant's attorney learned of the State Court's action, and upon inspection of his files, discovered his neglect. He immediately mailed notice of the filing in this Court of the petition for removal and a copy of the answer to plaintiff's attorneys, but the latter returned them, refusing to accept service. On March 16, 1956, the instant motion was filed in this Court and a copy of the same was served upon plaintiff's attorneys. On March 23, 1956, arguments were heard. Prior to the filing of this motion, no copy of the petition for removal had ever been filed with the clerk of the State Court.

The procedure for removal is prescribed by Section 1446, Title 28, U.S.C.A., the pertinent parts of which are as follows:

"(a) A defendant or defendants desiring to remove any civil action * * * from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

*     *     *     *     *     *

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

The question for determination is: Was defendant's partial compliance with Section 1446, omitting the requirements of subsection (e), sufficient to effect a transfer of jurisdiction from the State Court to this Court?

■■ Defendant's contention is that the filing of the petition for removal in the Federal Court is the essential requirement of Section 1446 and the other requirements are merely "modal" and "formal." I cannot agree. Subsection (e) is designed so that a State Court and a Federal Court cannot both have jurisdiction of the same case at the same time. Until the State Court loses jurisdiction, the Federal Court cannot acquire it. In the instant case, the State Court never lost and this Court never acquired jurisdiction, except for the limited purpose of deciding matters pertaining to the jurisdiction. Section 1446 prescribes what steps must be taken to remove an action, and subsection (e) provides that the taking of the last steps prescribed therein—presupposing that all other required steps have been taken—"* * * shall effect the removal * * *." The quoted words cannot be ignored. Until the last step is taken, the State Court retains jurisdiction. In other words, the requirements of subsection (e) are more than mere curtesies to the State Court. They are made mandatory conditions precedent to the termination of jurisdiction of the State Court and the assumption of it by the Federal Court. Moreover, the subsection further provides that after the steps prescribed therein have been taken, "* * * the State court shall proceed no further unless and until the case is remanded." Logically, if such steps have not been taken, as was the case here, then the State Court is free to proceed as though no action in the way of removal had been taken.

Defendant quotes the following from Youngson v. Lusk, D.C., 96 F.Supp. 285, 289: "It is the date of filing of the petition and bond in this court that matters under Title 28 U.S.C.A. § 1446(b)." In using the quoted language, the Court was disposing of defendant's contention that the filing of a copy of the petition with the clerk of the State Court within twenty days after the receipt of plain-

tiff's initial pleading was sufficient to effect the removal even though the petition had not been filed in time in the Federal Court. The learned author of that opinion was speaking only of subsection (b) of Section 1446 and was emphasizing the requirement of that subsection that the original petition be filed within the prescribed time in the Federal Court as distinguished from the State Court. Any inference from the quoted language that the steps required by subsection (e) are not essential to effect a removal is refuted by the express language of the subsection that the taking of such steps, " * * * shall effect the removal * * *." At any rate, in my opinion, such an inference cannot, in fairness, be drawn from the quoted language because the question here was not before that Court.

It is suggested that plaintiff waived compliance with subsection (e) by failing to make a motion to remand. While some of the requirements of Section 1446 may occasionally be subject to waiver, Kramer v. Jarvis, D.C., 81 F. Supp. 360, the suggestion made by counsel presupposes that plaintiff had notice of the attempted removal.

Jones v. Elliott, D.C., 94 F.Supp. 567, is cited as authority to the effect that failure to serve notice upon the adverse party should not be allowed to vitiate an attempted removal. That case does not hold that all that is necessary to effect a removal is to file the petition in the Federal Court. It is to be presumed that Congress in enacting the removal statute intended to require compliance therewith. Otherwise, there was no sense in specifying the conditions to be met to effect a removal. Certainly, there is nothing in the statute authorizing this Court, or any other Court for that matter, to dispense with any of the specified conditions for removal.

Finally, it is argued that the requirement of filing with the clerk of the State Court is only for the purpose of barring further proceedings in the State Court which might otherwise be valid if the Federal Court found the cause not to be removable. Hopson v. North American Ins. Co., 71 Idaho 461, 223 P.2d 799, 25 A.L.R.2d 1040, and annotation following in 25 A.L.R.2d at page 1045. It is true that the filing has this effect, but the fallacy of the urged construction is that it fails to acknowledge a dual purpose of the filing: that of consummating the removal as well as that of barring further proceedings in the State Court.

It is regrettable that this situation should have arisen, and the Court is sympathetic with defendant's attorney. Such incidents of neglect have a way of occurring from time to time, even among the best of lawyers. Of course, the fact that this Court cannot take jurisdiction over the instant case does not necessarily mean that the judgment in the State Court is conclusive against defendant. Defendant can yet apply to the State Court for relief from the default judgment entered therein.

The motion is denied, and it is ordered that this cause is remanded to the State Court from which removal was attempted.