90 So.2d 884 (1956)
STATE of Louisiana ex rel. Jack P. F. GREMILLION, Attorney General,
v.
NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE et al.
No. 4292.
Court of Appeal of Louisiana, First Circuit.
November 26, 1956.
Alex L. Pitcher, Jr., Baton Rouge, R. B. Millspaugh, Opelousas, A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, for appellant.
Jack P. F. Gremillion, Atty. Gen., Wm. C. Bradley, Asst. Atty. Gen., for appellees.
ELLIS, Judge.
Suit was brought on March 1, 1956 against appellant Association (and also individually against members of its Board of Directors and Executive Committee) on the relation of the Attorney General pursuant to LSA-R.S. 12:401, 12:405, seeking a temporary and a permanent injunction to *885 enjoin defendant Association and its officers from conducting any business in the state and dissolving defendant Association in Louisiana.
The hearing on the preliminary injunction was held on March 29, 1956, and an injunction issued against defendant Association in accordance with the prayer of the petition herein. The suit was dismissed as against the co-defendant individuals, officers of defendant Association.
Defendant Association appeals, and its sole contention is that the preliminary injunction issued on March 29, 1956, and all proceedings in State court subsequent thereto are null and void, since the cause was removed to the United States District Court, Eastern District of Louisiana, on March 28, 1956, pursuant to and in accordance with Title 28, United States Code Annotated, § 1446, which provides:
"Procedure for removal.(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.
"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.
"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.
"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

"(f) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court. June 25, 1948, c. 646 [§ 1], 62 Stat. 939, amended May 24, 1949, c. 139, § 83, 63 Stat. 101." Emphasis added.
Defendant Association filed a copy of federal court "petition for removal" in the 19th Judicial District Court of Louisiana on March 28, 1949, at 3:40 P.M. together with a copy of a written notice of said removal directed to petitioner of same date.
*886 When the preliminary injunction came up for hearing on the following day, on March 29, 1956, defendant Association objected to further proceedings since the petition for removal had been filed in the United States District Court within twenty days of service and since written notice was given to petitioner of said removal. Under 28 U.S.C.A. § 1446(e), it is urged, this has effected removal of this cause to the federal court and the "State court[s] shall proceed no further unless and until the case is remanded."
The State urged that the removal was ineffective for several reasons (such as that actions to which the State is a party may not be removed to federal courts, and that the written notice was ineffective since placed in the Attorney General's box rather than given to him personally), and relied upon Patterson v. State, 234 Ala. 342, 175 So. 371, and similar cases, which held that, although removal of a cause from State to Federal court is a matter of right, nevertheless the state court has the right and the power to examine the application for removal and to ascertain whether it complies with the Federal removal statute, and to retain jurisdiction in the event of non-compliance. This was under the old Sections 72, 74 and 75 of Title 28 U.S.C.A.
However, the law is clear that such jurisprudence has been superseded by Congressional enactment in 1948 and 1949, which pertinently provided the text of Section 1445, Title 28, above quoted in full. The effect of the change was summarized by the Supreme Court of Idaho in Hopson v. North American Insurance Co., 71 Idaho 461, 233 P.2d 799, 802, 25 A.L.R.2d 1040, 1044-1045, as follows:
"By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited.
"Apparently to overcome the endless and multiple litigation and resulting severe hardships which arose under Section 72 as construed, the amendment was prompted not only for the purpose of removing from the State court the authority in any event to pass upon the question of removability but also for the purpose of effectuating the removal by following all the statutory steps as effectively as if the cause had originally been filed in the Federal Court, thus voiding any further proceedings in the State court until and unless the cause is remanded.
"We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of *887 the State court; furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court, will have no force or effect."
In the Hopson case, a default was taken following the filing of the petition for removal to the federal court. The federal court remanded the case to the State court, and on the following day the defendant moved to vacate the default entered against it in the interim between the filing of the removal petition in federal court and the remand of the proceedings to State court by the federal court. The Supreme Court of Idaho affirmed the district court's order setting aside and vacating as void default so taken.
Likewise, the Supreme Court of Mississippi very recently in Bean v. Clark, Miss., 85 So.2d 588, vacated a judgment entered against defendant who had filed a removal petition in Federal court and a copy thereof in State court, holding that "the filing of the petition and bond by the nonresident defendant for a removal of the cause to the United States District Court, effected the removal of the entire cause and that no further proceedings could thereafter be had in the circuit court where the suit had been filed, unless and until the cause is remanded by the Federal Court to the State Court," 85 So.2d 589.
To the same effect is State ex rel. Allis-Chalmers Mfg. Co. v. Boone Circuit Court, 227 Ind. 327, 86 N.E.2d 74; Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662; and we have been cited to no contrary authority.
Likewise, "The question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law (cases cited)", Stoll v. Hawkeye Casualty Co. of Des Moines, Iowa, 8 Cir., 185 F.2d 96, 99, 22 A.L.R.2d 899, at page 904.
"Questions of law as well as issues of fact raised upon a petition for removal must be tried and determined by the Federal Court, Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 303, 11 S.Ct. 306, 34 L.Ed. 963," Hamilton v. Hayes Freight Lines, Inc., D.C., 102 F.Supp. 594, at page 597.
In disposing of contentions that the Tennessee state courts were competent to determine controverted issues of fact upon which the validity of the removal to federal court depended, the United States Supreme Court stated, "It is thoroughly settled that issues of fact [as to the validity of the removal] must be tried in the circuit court of the United States. Crehore v. [Ohio & M.] Railroad Co., 131 U.S. 240, 9 S.Ct. 692 [33 L.Ed. 144]; [Burlington, C. R. & N.] R. Co. v. Dunn, 122 U.S. 513, 7 S.Ct. 1262 [30 L.Ed. 1159]; Carson v. Hyatt, 118 U.S. 279, 6 S.Ct. 1050 [30 L.Ed. 167]," Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, at page 307. See Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; see also: Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044; Chesapeake & Ohio R. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462.
These cases are authority for the proposition that, even before the 1948 and 1949 Congressional enactments presently found as Section 1446, Title 28 United States Code, State courts were without jurisdiction to determine controverted issues of fact with regard to the validity of the removal, when the removal petition was valid upon its face; which issues only the Federal court to which the cause was removed had jurisdiction to pass upon, usually in a motion to remand the cause to State court. "The rule is that, when the right of removal depends upon the existence of certain facts, they must be determined by the federal court, which alone can determine controverted issues of fact on which the right to removal depends. It is the duty of *888 the state court, in such cases, to defer all action until such issues have been passed upon by the federal court. The state court must accept as true all allegations of fact in the petition for removal [cases cited]", Frazier v. Hines, 8 Cir., 260 F. 874 at page 878.
It seems clear that the changes effected by 28 U.S.C.A. §§ 1441-1447 were dictated in large part by a desire to avoid unseemly conflicts between state and federal jurisdiction. In this connection Professor Moore states:
"Under the Code every petition for removal is to be filed in the district court of the United States `for the district and division within which' the state action is pending. Accordingly the above alternatives which were open to a defendant where his petition had to be initially filed in the state court are no longer open. The seeds of conflict of jurisdiction between the federal and the state court have been largely destroyed. It should, therefore, be held that when removal has been fully effected, pursuant to § 1446(e) hereafter discussed, the state court completely lacks jurisdiction to proceed further unless and until the case is remanded." Moore's Commentary on the U. S. Judicial Code 272 (1949).
"A very important change has been made in removal procedure. The former practice set up diverse procedures; and particularly under it some petitions for removal had to be first presented to the state court, others to the federal district court. The Code provides a uniform procedure for all removed cases, and in all cases the petition goes initially to the federal district court. After a petition for removal and bond are filed with the district court, the defendant or defendants shall then `give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court.' This effects the removal and the State court shall proceed no further therein' unless and until the case is remanded. Under this latter provision it can properly be held that the state court is deprived of jurisdiction after removal is effected, until, in the case of a remand, jurisdiction is subsequently restored to the State court. This view would eliminate some of the jurisdictional and procedural difficulties engendered by the former practice." Moore's Commentary on the U. S. Judicial Code 216-217 (1949).
"Upon, or promptly after, `the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court'. On fulfillment of these requirements removal is effected, and § 1446(e) commands that `the State court shall proceed no further unless and until the case is remanded.' While the federal court may properly issue an injunction to prevent further proceedings in the state court, even in the absence of such an injunction § 1446(e) should be held to operate as a statutory stay upon state court proceedings. Any further proceedings in the state court would be a nullity, unless the defendant thereafter appeared and contested the right of the state court to proceed further." Moore's Commentary on the U. S. Judicial Code 276-277 (1949).
Thus the State courtsin this instance the 19th Judicial District Court and this appellate tribunalwere divested of further jurisdiction of this cause as of March 28, 1956 when the procedural requirements of Section 1446, Title 28 (removal petition and bond filed in federal court; copy thereof in State court and written notice to opposing party) were complied with necessary for removal to the federal court. The United States District Court for the Eastern District of Louisiana, in which this removal petition was *889 filed, alone is competent to determine whether this removal is valid.
It follows, and has been consistently held by the jurisprudence above cited, that the effect of the removal renders null and void any action thereafter taken in the State court, in this instance the 19th Judicial District Court. It also prevents this court from specifically decreeing such nullity, as we are and were by the removal divested of jurisdiction herein. We have no right to entertain this appeal. The parties must proceed in the federal district court, and the question as to whether the removal was proper must be decided by that court on proper motion to remand this cause to the State court.
Having been divested of jurisdiction by the removal, the 19th Judicial District Court was without authority to grant an order of appeal to this court, and this court for the same reason is without authority to entertain this appeal.
Appeal dismissed.