Octavia **LOWE** et al., Appellants,

v.

Samuel Garfield **JACOBS**, Appellee.

No. 16468.

United States Court of Appeals
Fifth Circuit.

April 22, 1957.

Richard E. McDaniel, Center, Tex., for appellants.

Howell Cobb, Beaumont, Tex., W. B. Patterson, Dallas, Tex., Robertson, Jackson, Payne, Lancaster & Walker, Dallas, Tex., Orgain, Bell & Tucker, Beaumont, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

This is an appeal from a preliminary injunction granted by the trial court restraining appellants and their attorney from proceeding further in a damage suit filed in a Texas state court after the

defendant below had timely and properly[1] removed the suit to the United States District Court. The appellants claim that the suit based on diversity was not removable under the joinder-of-action provisions of 28 U.S.C.A. § 1441(c) and that therefore the state court had the right to proceed as if no removal had been accomplished. Appellee answers that this statute as amended in 1949 expressly deprives the state court of jurisdiction to proceed with any phase of litigation that has been properly removed unless and until the case is remanded, and that such remand is solely within the power of the United States court. We have no doubt that this is the effect of the law as it now stands. Prior to the amendment of 1949 this removal, to be effective, must be with respect to a case in which a party was "entitled to remove."[2] The language now employed is "A defendant * * * desiring to remove * * *."

We find no federal decision on this point, but do find several state court cases in which it has been held that the state court now loses all jurisdiction after compliance with the removal statute, until there has been a remand. Hopson v. North American Ins. Co., 71 Idaho, 461, 233 P.2d 799, 25 A.L.R.2d 1040; Bean v. Clark, Miss., 85 So.2d 588; State ex rel. Gremillion v. N.A.A.C.P., La.App., 90 So.2d 884, and see Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662. No case to the contrary has been called to our attention and we find none.

We thus do not come to the question whether the two suits brought in the state court were or were not separate and independent. That is a matter that can be passed on in the district court on motion to remand. In the present state of the record the trial court had authority to enjoin further proceedings in the state court.

The judgment is Affirmed.

1. In stating that the suit had been "properly" removed we do not pass on the question whether it was a removable suit, but hold merely that the requirements of the statute relating to removal were complied with. These requirements are stated in 28 U.S.C.A. § 1446 as follows:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for re-moval may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

2. Former Title 28 U.S.C. § 72 commenced as follows: "Whenever any party is entitled to remove any suit * * *."