See also D.C., 247 F.Supp. 7.

Max F. MARSH, Plaintiff,

v.

TILLIE LEWIS FOODS, INC.,
Defendant.

Civ. No. 66–58W.

United States District Court
D. South Dakota, W. D.

Aug. 31, 1966.

John Wakeley in pro. per.

Walter E. Alessandroni, Atty. Gen. of Commonwealth of Pa., Harrisburg, Pa., for the Commonwealth of Pa. and others.

Costello, Porter, Hill, Banks & Nelson, Rapid City, S. D., for plaintiff.

Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant.

## DECISION

BECK, District Judge.

The plaintiff postures his motion to remand on the premise that the amended complaint filed in this court after the filing of the petition to remove and the bond and this court's order approving both and accepting the petition, but before that removal proceeding had been effected, 28 U.S.C.A. Sec. 1446(e), gives rise to a necessary deduction, that the amendment reducing the amount in controversy below the jurisdictional $10,000 requirement, 28 U.S.C.A. Sec. 1332(a), actually operated as an amending procedure in the state court and since such an amendment there, under Cavanaugh v. Atchison, T. & S. F. Ry. Co., 103 F.Supp. 855 (D.C.Mo.1952), was held to defeat federal jurisdiction, like effect should be given to an amendment when made in the court to which it is removed.[1]

Controlling, instead, according to the defendant, is the thesis in Shenandoah Chamber of Progress v. Frank Associates, 95 F.Supp. 719 (D.C.Pa.1950) that:

" * * * the removal is effective for all purposes as of the time of the filing of the removal petition in the United States Courts."

Also the rule therein espoused that compliance with the requirements of that subsection operated retroactively to the date of the filing of the petition and bond for removal and in conjunction therewith, another argument against the motion, that the plaintiff lost whatever rights he may have had in the state court under Cavanaugh, when he proceeded after the filing of the petition to amend pursuant to Fed.R.Civ.P. 15(a).

Neither one of those cases can be held authoritative, however, since the pronouncements in Shenandoah were dictums only, and the amendment under Cavanaugh treated as if it had wrought no change.

Subsection (e) in its original form,[2] particularly that part thereof which specifies that compliance " * * * *shall effect the removal and the State court shall proceed no further unless the case is remanded*", implicitly gave rise to an inference, that jurisdiction during the interim between the filing of the removal petition and compliance with the subsection, was dual in character and that relevant state court procedure when initiated during that time period was permissive as well as operative. (emphasis supplied). The subsection before the amending, even so according to the cases, poses ambiguities, conflicts and divergencies too, on the part of the courts as to its meaning and generally the existence of removal proceeding uncertainties not only as to the extent of a state court's jurisdiction during the removal period, but also as to the time when its powers under such jurisdiction could be exercised.

Dolan v. F. H. McGraw & Co., 81 F. Supp. 599 (D.C.N.Y.1948) and Cava-

---

1. As for the material facts: the case was commenced in the Circuit Court of the 7th Judicial Circuit, Pennington County, South Dakota, on June 27, 1966. Damages thereunder sought were in the sum of $153,000. The petition for removal, bond and order of approval were filed in this court on July 13, 1966, and notice thereof and mailing on July 13. On July 14 there was an amendment to the complaint under which the amount in controversy was reduced to $9,999, with filing thereof on July 18. The affidavit of compliance with the removal proceedings was dated July 18 and filing thereof the following day. The defendant's answer and motions were served on the plaintiff on July 18 and thereafter on July 27, 1966, duly filed.

Further history as to background of this case is in Marsh v. Tillie Lewis Foods, Inc. et al., 254 F.Supp. 490 (D.C.S.D. 1966).

2. Subsection (e) in its original form and before the last amendment to it was as follows: "Upon the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further therein unless the case is remanded."

naugh, as instances of such variations in the case law status before the amendment, held the removal period to be more than twenty days. Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 717, 85 L.Ed. 1044 (1941) commenting on the earlier case of Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036 [3], makes the observation:

> "There we held that an order of a federal district court remanding the cause to the state court was not reviewable directly or indirectly, and affirmed the judgment of the state court even though it had been secured by default. While the opinion does not expressly consider the effect of a petition for removal on subsequent proceedings in the state court, the clear import of the decision is that the proceedings are valid if the case was not in fact removable. See Southern Pacific Co. v. Waite, D.C., 279 F. 171; Commodores Point Terminal Co. v. Hudnall, D.C., 279 F. 606, 607; First National Bank [of Manhattan] v. King Wrought Iron Bridge Co., 9 Fed.Cas. p. 88, No. 4,803",

and to this the court adds another, p. 569, 61 S.Ct. p. 718:

> "If in cases like the present one, the state court is assured that the federal court will decide promptly the question of removability, it is better practice to await that decision (Chesapeake & Ohio Ry. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; Baltimore & Ohio R. Co. v. Koontz, supra [104 U.S. 5, 26 L.Ed. 643]), but we can not say that failure to do so is a denial of a federal right if the cause was not removable."

Such case law history was before the Congress as it passed the amendment on May 24, 1949, which since and now is in the following form:

> "(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Thus, in *promptly after the filing*, substituted for *upon the filing*, there is a clearly indicated congressional trend away from the noted case law variations on which removal proceedings are to be regarded as having been completed, implied corrective measures also to foreclose vagaries on end results, filing no longer serving as a condition precedent to *"shall effect the removal"* and jurisdiction in the federal court procedurally exclusive if and when the filing of the notice is prompt. (emphasis supplied).

Accordingly, in this case on the facts referred to in footnote 1, which are admitted and not in dispute, on the record as a whole and the indicated trend in the cited cases, it is established and the court finds and concludes that the defendant as a matter of law and as of July 13, 1966 met all of the requirements of 28 U.S.C. A. Sec. 1446(e), as amended, relating to removal, that this court as of the time of the filing of the petition and bond on that day acquired exclusive jurisdiction, that the amendment did not affect the acquired jurisdiction, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) and that the motion to remand for all of the reasons hereinbefore assigned should be and the same is hereby denied. Aside from the authorities hereinbefore assigned, see also Hopson v. North American

---

3. A footnote to this case in Metropolitan provides the following information: "Feltenstein and another brought suit in a state court against Yankaus on October 11, 1915. On October 16, Yankaus filed a petion for removal in the state court, and on October 20 filed copies of all papers on record in the state court and an answer in the federal court. On the latter date the state court denied his petition for removal, and on October 26 entered judgment against him. On November 15, the federal court remanded the cause, and two weeks later the state court denied a motion to vacate the judgment. The state appellate court subsequently dismissed an appeal." This case was decided in 1917.

Ins. Co., 71 Idaho 461, 233 P.2d 799, 25 A.L.R.2d 1040 (1951).

This decision will serve as the court's findings of fact and conclusions of law with directions to counsel for the defendant to prepare and submit to the court for its approval an order carrying this decision into effect.