Haynes R. WOOD, Plaintiff,

v.

H. C. DeWEESE and Juanita (Wuanita) DeWeese; Taylor DeWeese, Administrator of the Estate of Jerome R. De-Weese; Paul Ingram d/b/a Morgantown Feed Mill; Weedman Motor Co.; U. S. Internal Revenue Service; U. S. Department of Agriculture; Andy Funk and Morgantown Deposit Bank, Defendants.

No. 1369.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Nov. 14, 1969.

940

W. Gordon Iler, Owensboro, Ky., for plaintiff.

William E. Rueff, Jr., Morgantown, Ky., for H. C. and Juanita DeWeese.

Walter Chyle, Jr., Morgantown, Ky., for Taylor R. DeWeese.

Bennett F. Bratcher, Morgantown, Ky., for Paul Ingram.

Walter L. Catinna, Hartford, Ky., for Weedman Motor Co. and Andy Funk.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., W. A. Moore, Morgantown, Ky., for Morgantown Deposit Bank.

## MEMORANDUM

SWINFORD, District Judge.

Plaintiff, Haynes R. Wood, filed his original complaint in this action with the clerk of the Butler County, Kentucky Circuit Court on December 13, 1968. Named as defendants in this complaint were H. C. DeWeese and Juanita (Wuanita) DeWeese. Wood amended his complaint and added, among others, as defendants "U. S. OF AMERICA, INTERNAL REVENUE SERVICE" and "U. S. OF AMERICA, DEPARTMENT OF AGRICULTURE". The amended complaint states that the Internal Revenue Service has a tax lien against property purchased by Wood from H. C. and Juanita DeWeese and asks that the source and amount of the lien be asserted. Wood in his amended complaint also alleges that the above purchased property is to receive a 1969 soil bank payment of $4,100.00 from the Department of Agriculture. Wood prays that he be declared the owner of this payment and that the Department of Agriculture be enjoined from making any soil bank payments to this property until final determination of the action. A summons arising from this amended complaint was issued June 11, 1969, and served on the defendant, Department of Agriculture, June 17, 1969.

On July 1, 1969, the Department of Agriculture filed in this court a petition for removal of the case from the Butler Circuit Court. A notice of the removal

petition was that day mailed to the Butler Circuit Court. Thereafter and before any rulings of this court, the United States moved pursuant to Federal Rules of Civil Procedure 12(b) to dismiss the Department of Agriculture as a party defendant. The motion was based on want of jurisdiction over said defendant in the state court.

Plaintiff has not filed a motion to remand the case to state court but contends by memorandum that this court must first rule on defendant's petition for removal before a motion to dismiss is proper. In support of this contention plaintiff alleges: (a) That there exists no federal question or any other type of case which would give the United States District Court jurisdiction; (b) That in fairness and justice the Department of Agriculture should not pay the 1969 soil bank payment to DeWeese until final orders of this court; (c) That the Department of Internal Revenue Service is claiming a tax lien and may be sued in state court under 28 U.S.C. § 2410; and, (d) That by interpleader plaintiff could bring in the Department of Agriculture and get an injunction to stop the soil bank, payment until disposition of the case.

The United States Attorney, answering for the defendant, Department of Agriculture, contends: (a) That his motion to dismiss is not premature since removal is automatic upon compliance with 28 U.S.C. § 1446(e); (b) That the petition to remove was properly brought under 28 U.S.C. § 1441(a) because the District Court has original jurisdiction, 28 U.S.C. § 1346(a) (2), resulting from a claim under an Act of Congress, Soil Bank Act 7 U.S.C. § 1801; (c) That the Department of Agriculture cannot consent to the jurisdiction of this court in this action on the basis of fairness and justice; (d) That 28 U.S.C. § 2410 does not give the state court or this court jurisdiction over the Department of Agriculture under the facts of this case; and (e) That since the state court did not have jurisdiction over the Department of Agriculture, this court, after

removal, does not have jurisdiction over the Department.

Compliance with the *form* and *procedure* of removal under 28 U.S.C. § 1446 effects automatic removal from the state court to the district court. Baltimore & Ohio Railroad Company v. Koontz, 104 U.S. 5, 14, 26 L.Ed. 643 (1881); Flowers v. Aetna Casualty and Surety Co., 163 F.2d 411, 415 (6 Cir. 1947); Marsh v. Tillie Lewis Foods, Inc., 257 F.Supp. 645, 647 (W.D.S.D. 1966). This removal stays any further action in the state court until further orders from the district court. 28 U.S.C. § 1446(e); Hopson v. North American Ins. Co., 71 Idaho 461, 233 P.2d 799, 25 A.L.R.2d 1040. This acts as a protective device which keeps separate tribunals from adjudicating the merits of the same controversy. Baltimore & Ohio Railroad Company v. Koontz, supra. The case may, however, be remanded to the state court if proper grounds for removal are not present. The grounds and procedure of removal will be strictly construed in an effort to preserve the jurisdiction and comity of state and federal courts. Roseberry v. Fredell, 174 F.Supp. 937 (E.D.Ky.1959). Remand of the case to the state court may follow either a party's motion to remand, Roseberry v. Fredell, supra; Walsh v. American Airlines, Inc., 264 F.Supp. 514 (E.D.Ky.1967), or the court's own motion. Treinies v. Sunshine Mining Co., 308 U.S. 66, 70, 60 S.Ct. 44, 84 L.Ed. 85 (1946); McRae v. Arabian American Oil Co., 293 F.Supp. 844 (S.D.N.Y.1968); Eickhof Construction Co. v. Great Northern Railway Co., 291 F.Supp. 44, 45 (D.Minn.1968).

The Soil Bank Act as codified in the United States Code beginning at section 1801 of Title 7 is clearly an "Act of Congress". The meaning and effect of a Soil Bank contract entered between the United States Government and a landowner are matters of federal law. Reimann v. United States, 315 F.2d 746, 748 (9 Cir. 1963). These contracts are personal, however, and bind

only the parties thereto. They do not bind subsequent owners of the land who do not become parties to the contract. Reimann v. United States, 196 F.Supp. 134, 136 (E.D.Ia.1961), affirmed 315 F.2d 746 (9 Cir. 1963). Plaintiff, therefore, is not a party to the Soil Bank contract. He does, however, claim a payment under the Soil Bank Act and names the United States Department of Agriculture as a party to his amended complaint. Because of this, payment under an Act of Congress is involved and the action is properly removable from state to federal court.

■ The action is removable because the United States is named as a party, U.S.Const. Art. III, Sec. 2, and a district court would have had original jurisdiction under an "Act of Congress" with no provision for state court suits. 28 U.S.C. § 1346(a) (2). Accordingly the case is removable under 28 U.S.C. § 1441(a).

This court finds that the Department of Agriculture's petition for removal is timely, proper, and effects removal of a removable matter. 28 U.S.C. § 1446.

It being decided that this court has jurisdiction, the Department of Agriculture's motion to be dismissed as a party defendant under Rule 12(b) of the Federal Rules of Civil Procedure must now be considered.

■■ The United States government is immuned from suit. This immunity can only be waived by Act of Congress, United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), and may not be waived by one of its agents. Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939). When congressional permission to sue the United States in a state court has been granted, it must be found only in clear and unambiguous language. Grand River Dam Authority v. Parker, 40 F.Supp. 82, 86 (N.D.Okl. 1941).

■ Plaintiff claims that the Department of Agriculture, by interpleader, has consented to suit in state court by provisions of Section 2410(a) (5) of the United States Code, Title 28. This section clearly allows suit in state court against the Internal Revenue Department but not against the Department of Agriculture. This is true because the interpleader of the Department of Agriculture is not with respect to "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).

■ The United States has not consented for its Department of Agriculture to be sued in state court. The state court, therefore lacked jurisdiction over the party defendant, Department of Agriculture. On removal, this court does not acquire jurisdiction over the Department of Agriculture.

"For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Minnesota v. United States, supra at 389, 59 S.Ct. at 295.

Based upon these reasons, the motion to dismiss the Department of Agriculture as a party to this action should be sustained. Federal Rules of Civil Procedure 12(b).

Subsequent to the Department of Agriculture's petition of removal and motion to dismiss, the Department of Internal Revenue filed a motion to dismiss it as a party defendant. It alleges the motion should be granted because its tax lien has been paid in full and released.

■ Removability of the state court action against the Department of Revenue is not in controversy. Removal of the complete action is possible because the Department of Agriculture was made a party defendant and an injunction against a payment under the Soil Bank Act was in issue. After removal, however, a district court may consider all issues of the controversy. 28 U.S.C. § 1441(c). It being shown that the Department of Revenue no longer claims a

tax lien on the property in question, it should be dismissed as a party defendant.

28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction."

This court exercises its discretion and remands, sua sponte, the case to the Butler Circuit Court. McRae v. Arabian American Oil Co., supra at 848.