Lucinda PATTERSON and Clyde Patterson, Plaintiffs,

v.

REFINERY ENGINEERING COMPANY, Defendant,

and

VILLAGE OF RUIDOSO, NEW MEXICO, Third-Party Defendant.

Civ. No. 4393.

United States District Court
D. New Mexico.

May 12, 1960.

John H. Lawless, Jr., Chase & French, Alamogordo, N. M., for plaintiffs.

E. Forrest Sanders, William W. Bivins, Las Cruces, N. M., for defendant.

Frazier & Cusack, Roswell, N. M., for third-party defendant.

ROGERS, District Judge.

This matter, at its present stage, brings Section 1446(e), Title 28 U.S.C. into sharp focus. Such sub-section provides as follows:

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

From the oral arguments of counsel and from supplemental research undertaken by the Court and its staff, it would appear that this sub-section has not been construed either by a United States Court of Appeals or by the Supreme Court of the United States. It therefore becomes incumbent on the Court to analyze the decisions of the U. S. District Courts appearing in Federal Supplement,

and to, in detail, relate the factual situation out of which the present heated controversy was engendered.

To show the conflict in U. S. District Courts, we need only look at the comments of the annotator appearing on page 1048 of 25 A.L.R.2d:

"* * * whether the state court loses jurisdiction in the interim between the filing of the removal petition and bond in the federal court and the serving of notice thereof upon the adverse parties and the filing of a copy of the petition with the clerk of the state court will remain debatable until the question is put in issue and expressly determined."

See also 1959 Cumulative Supplement, Volume 45, American Jurisprudence, Removal of Causes, Section 173, page 53:

"Under the new Judicial Code, there are conflicting statements on the question as to whether removal is effectuated by the filing of the removal petition and bond in the federal court or is not complete until the defendant has given written notice to all adverse parties and has filed a copy of the removal petition with the clerk of the state court."

At the outset, the Court feels it imperative to go into some detail as to the events which transpired from the filing of the original complaint in the State District Court for the County of Lincoln, and the arguments presented on Motion Day a few days ago. The complaint filed in the State Court sought damages in excess of $20,000 for injuries received by the plaintiff, Lucinda Patterson, and expenses paid by her husband, Clyde Patterson, from the defendant Refinery Engineering Company. In essence, the complaint alleges that the defendant was doing some contracting work and in the course of this, removed a manhole cover located near the plaintiffs' abode, and improperly replaced the same. The plaintiff, Lucinda Patterson stepped on the alleged improperly replaced manhole cover, had a fall and she claims serious injuries therefrom.

This complaint was filed in the District Court of Lincoln County, Third Judicial District of the State of New Mexico on March 16, 1960. On the 30th day of March, 1960, the defendant, through its attorney, E. Forrest Sanders, signed a petition for removal and prepared a bond on removal, together with a motion to bring in a third-party defendant, the Village of Ruidoso, New Mexico, the latter motion being predicated on the theory that the Village had negligently allowed to be created and existing a dangerous condition at the manhole, consisting of a defective covering to said manhole having a broken latch and being otherwise broken, depreciated or damaged, and that the manhole and the manhole cover were integral parts of the sewer system of the third-party defendant.

The petition for removal, the bond, and the motion to bring in the third party were received by the Clerk of this Court in Albuquerque on April 2, 1960, and were on that day filed. Recourse to a calendar indicates that April 2, 1960 was on a Saturday. The Clerk's office correspondence file indicates that the letter written by Mr. Sanders was not answered by the Clerk until the following Monday, April 4th.

The defendant's attorney, Mr. Sanders, resides in Las Cruces, New Mexico, which is a distance of some 226 miles from Albuquerque, New Mexico. There is only one train a day from Albuquerque to Las Cruces, which leaves late in the afternoon and does not arrive in Las Cruces until close to midnight, so that mail carried by that train is not delivered to a recipient in Las Cruces until the following day, at the earliest. We accordingly may assume that the letter of the Clerk, notifying Mr. Sanders of the filing of the removal papers and the third-party defendant proceedings in the United States District Court for this District was delivered in Las Cruces on April 5th. On this date Mr. Sanders, who has a wide practice in the Third Judicial District, was appearing in court in Alamogordo, New Mexico. Alamogordo is between Las Cruces and Carrizozo, the County seat of Lincoln

County. Alamogordo is 67 miles from Las Cruces, and Carrizozo, where the State case was filed, is 58 miles north of Alamogordo.

Mr. Sanders and attorneys for the plaintiffs in this cause were engaged in litigation in Alamogordo on April 5th, on matters extraneous to the case at bar. After adjournment of court, as so often happens in the legal profession (see The Prairie Years by Carl Sandburg), many of the lawyers attending court repaired to a tavern as evening fell. What commodity was drunk by any of the able attorneys hereto, does not appear of record, and for the purpose of this opinion, the Court will assume any liquid refreshment was limited to carbonated, non-alcoholic beverages. At any rate, a conversation between plaintiffs' attorneys and Mr. Sanders eventually devolved upon the instant case.

One of plaintiffs' attorneys, in a jocular manner, stated that the plaintiffs were going to "pour it on" the defendant on a trial of the cause. Mr. Sanders, with a genial smile, informed plaintiffs' attorneys that any "pouring on" by the plaintiffs would have to be done in Albuquerque in the U. S. District Court, inasmuch as he had removed the State case. Plaintiffs' attorneys wisely let the matter end with Mr. Sanders' remark, but the next morning, plaintiffs' attorneys, with admirable speed and aggressiveness, checked their office file and called the Court Clerk in Carrizzo, as a result of which investigations, they found that the written notice provided in the above-quoted section had not been given to the plaintiffs, nor had a copy of the petition been filed with the Clerk of the State Court.

Immediately and without invoking an order of the State Court, which incidentally is not required, the plaintiffs drafted an amended complaint joining as defendants, the Refinery Engineering Company and the Village of Ruidoso. All of this occurred on April 6th.

On April 6th, Mr. Sanders wrote the Clerk of the U. S. District Court in Al-buquerque relative to the necessity of serving the Attorney General of the State of New Mexico, inasmuch as a political sub-division of the State was named as third-party defendant. Chapter 333, Section 5, Session Laws of New Mexico, 1959, provides, in effect, that service of process shall be made as in other civil actions except that in addition to the parties, service shall be made on the Attorney General of the State of New Mexico, and such service shall constitute service on the department of the State agency involved. This is not required in the U. S. District Court, inasmuch as Rule 4(d) (6), 28 U.S.C.A., provides that service on municipal corporations may be made by delivering a copy of the summons and of the complaint to the chief executive officer thereof.

It is interesting to note, however, that Chapter 333, Session Laws of New Mexico, 1959, would require the plaintiffs in the State court action to serve the Attorney General of New Mexico, as well as the Mayor of the Village of Ruidoso. The record does not show that compliance with the 1959 New Mexico Statute has been effected to the date hereof.

The Clerk of this Court wrote Mr. Sanders on April 8th, advising him as to the above-cited Rule. This letter apparently was not received by Mr. Sanders until April 9th, which would be a Saturday. Mr. Sanders thereupon mailed the petition for removal, the bond and the third-party proceedings to plaintiffs' attorneys and to the Clerk of Lincoln County State Court. It was received by the recipients on April 11, 1960.

It is to be noted that mail from Las Cruces to Alamogordo and Carrizozo must go by train from Las Cruces to El Paso, Texas, and then taken to Alamogordo and Carrizozo by Southern Pacific train. It is generally known in this section of the country, the road from Las Cruces to Alamogordo and Carrizozo is frequently closed because of operations on the White Sands Proving Ground.

In summarizing the factual situation, the Court has four matters in mind: first,

Mr. Sanders, on April 5, 1960, attempted a pre-trial conference of this cause at the wrong bar; second, that on said last-mentioned date, plaintiffs' attorneys received actual notice of the removal proceedings; third, that no order or judgment or judicial aid was solicited from or given by the State District Judge at any time from the filing of the complaint until the date hereof; and fourth, that process has not been effected on the Attorney General of the State of New Mexico by the plaintiffs in the State Court action.

From the facts above stated as to the great distances between the residence of defendant's counsel and the seat of this Court in Albuquerque, from defendant's residence to Alamogordo and Carrizozo, from the facts that the removal pleadings in this cause were received on weekends, the Court is of the ultimate conclusion and so finds the facts to be, that defendant's attorney acted promptly in giving written notice of the removal to plaintiffs' attorneys and filing a copy of the petition with the State Court Clerk.

The plaintiffs place great reliance on Donlan v. F. H. McGraw & Co., D.C., 81 F.Supp. 599. This case, while it states that the statute above quoted does not contemplate that the removal be considered complete until the requirements of that section were complied with, nevertheless, holds that if no step is taken in the State Court during the interval between the filing of the removal papers in the Federal Court and compliance with sub-section (e), supra, there is a practical and substantial compliance with the statute. The motion to remand was denied in that case.

The second case relied on by the plaintiffs is Beleos v. Life & Casualty Insurance Co. of Tenn., D.C., 161 F.Supp. 627. The difficulty in this latter case is that between the time the removal papers were filed in Federal Court and compliance was had with sub-section (e), supra, the State Court plaintiff had secured in the State Court, a default judgment against the defendant. There is strong language in this case that removal is not effected until absolute compliance is had with the above-quoted section. On the other hand, the Court has found cases since the 1948 Amendment of the above statute to the effect that the statute does not require that a copy of the petition be filed with the Clerk of the State Court within the time provided for removal, and further, even if default judgment had been properly taken in the State Court after the defendant had had full time to answer under the State law, the case could still be removed to the Federal Court if the petition for removal was timely filed. See Shenandoah Chamber of Progress v. Frank Associates, D.C., 95 F.Supp. 719. See, also, Hornung v. Master Tank & Welding Co., D.C., 151 F. Supp. 169, wherein is stated the rule that Federal jurisdiction vested for all purposes when petition for removal was filed in the Federal District Court and later a notice thereof and the filing of a copy thereof in the State Court operated retroactively to effect removal as of the date of the filing of the petition in the Federal District Court.

Defendant's attorney, on oral argument, presented the case of Green v. Custard, 23 How. 484, 16 L.Ed. 471. This case bears date of December Term, 1859, approximately 90 years before the 1948 Amendment, and its persuasive effect is greatly mitigated by such interim.

This Court can hardly resist the allure of remanding the case to the State Court for two reasons: first, the present trial docket is heavy, and secondly, an order of remand is not appealable. Nevertheless, the Court feels constrained, under the facts in this case, the mileage between the various cities involved herein, and the transportation schedule, the fact of actual notice of removal being most informally given plaintiffs' attorneys in Alamogordo on April 5th, the fact that process has not been secured on the Attorney General of New Mexico and that no judicial act was invoked by the plaintiffs, to deny the plaintiffs' motion to remand. An order in conformity herewith is requested within the next ten days.