**MASTER EQUIPMENT, INC. et al.**

v.

**The HOME INSURANCE COMPANY and Westchester Fire Insurance Company.**

**Civ. A. No. 71–2295.**

United States District Court, E. D. Pennsylvania.

March 22, 1972.

Sidney E. Herold, Philadelphia, Pa., for plaintiffs.

Richard W. Hopkins, White & Williams, Philadelphia, Pa., for defendant.

MEMORANDUM

NEWCOMER, District Judge.

The issue presently before the Court arises out of an often made and routinely handled motion in State court which is a Motion to Set Aside the Entry of a Default Judgment. The motion, in and of itself, is a rarity in Federal court where default judgments are not commonly entered. A discussion of the procedural steps taken by the parties will show what problems can arise when an action commenced in State court is removed to Federal court, and this removal action is accompanied by a default judgment which has been entered in State court.

On December 1, 1970, a fire occurred which caused serious damage to a building owned by plaintiffs Reuban and Edith Suny, and the contents thereof, owned by plaintiff Master Equipment, Inc. Policies of insurance were in effect at the time of the fire which were written by the defendants The Home Insurance Company and the Westchester Fire Insurance Company. On June 10, 1971, the defendant insurance companies denied liability on these insurance contracts for reasons which have no bearing on the decision in the matter before us and will not be discussed further.

Suit was instigated when plaintiffs filed their Complaint in Assumpit on September 1, 1971, to recover on their contracts of insurance in the Common Pleas Court of Philadelphia County. Service was effected on both defendants on September 7, 1971. The defendant insurance companies filed a Petition for Removal from the Court of Common Pleas of Philadelphia County in the District Court of the United States for the Eastern District of Pennsylvania. A copy of this removal petition was forwarded to counsel for plaintiffs on September 22, 1971. Plaintiffs' next step was to take a default judgment and assess damages on September 28, 1971 in the State court. The final fact necessary to develop fully the picture was the

filing of a copy of the Petition for Removal by the defendants with the Clerk of the Court of Common Pleas of Philadelphia County on October 1, 1971.

■ At the outset it must be noted that there is no question as to the propriety of the removal petition.[1] Therefore, the action is properly in Federal court. The present posture of the case shows a default judgment in State court with proper jurisdiction in Federal court. We must begin to step backward into our factual situation in order to understand the jurisdictional problems arising out of this cause of action.

At the time of filing the complaint on September 1, 1971, the State court had sole jurisdiction over the controversy. This State jurisdiction continued solely until the Petition for Removal was filed in the Federal court on September 21. Between September 21 and October 1, the period of time between the filing of the removal petition in Federal court and in State court, there existed a situation of dual jurisdiction because the removal had not been perfected. When the Petition for Removal was filed in State court on October 1, 1971, there was sole Federal jurisdiction. The period of time between these two filings is what precisely is in question. There is no doubt that the Petition for Removal was filed timely in Federal court, being within the thirty day period prescribed in Title 28 § 1446(b) Procedure for Removal:

> "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

We must take a close look at this time period in respect to the statute. Federal jurisdiction vested for all purposes when the Petition for Removal was filed in Federal District Court, and later notice thereof in State court operated retroactively to effect removal as of the date of the filing of the petition in District court. Hornung v. Master Tank and Welding Company, 151 F.Supp. 169 (D. C.N.D.1957). Looking through the eyes of the Federal court at the default judgment, the Petition for Removal of September 21 conferred jurisdiction on the Federal court, and was retroactively perfected by the filing in the State court. In arriving at an ultimate decision on the merits we would not even have to consider the default judgment, but only consider the action from its inception with the complaint and answer.

However, looking through the eyes of the State court at the time of the taking of the default judgment and assessing damages on September 28, we see the State court had no notice of the Federal jurisdiction. This is where subsection (e) of § 1446 becomes relevant. It requires prompt notice by defendants to all adverse parties, and filing of a copy of the petition with the clerk of the State court:

> "§ 1446(e)—Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.".

This section precipitates the perfecting of the removal. There is no question as to plaintiffs' notification of filing the removal petition. A copy was sent to them the day after its filing. This notice to the plaintiffs of the removal petition is a saving factor to the defendants here because this Court would not rule

---

1. Judge Weiner in his Memorandum Opinion of January 17, 1972, allowed the defendants to amend their allegation of jurisdiction in their Petition for Removal, thus perfecting the removal.

552

as a matter of law that the nine days between the filing in Federal court, and the filing in State court would be within the statutory construction of "promptly" unless there were a showing of some unusual circumstances. As stated in Patterson v. Refinery Engineering Company, 183 F.Supp. 459, (D.C.N.M.1960), the statute does not require that a copy of the petition be filed with the clerk of the State court within the time provided for removal. Because the State and District courts were both located in Philadelphia, the time problems of filing in both courts faced in *Patterson,* supra, were not a factor. Also, defendants' sending of a prompt notice of the removal petition to the plaintiffs' counsel (the day following its filing) further minimizes any problem we may have as to the "promptness" of filing in State court. This decision does not consider the effects of failure to file the petition in State court where there has been no notice to opposing counsel, since that issue is not before us.

Where has all this discussion left us? Really in a very sound and workable situation. The filing in State court functions as a notice of the superseding Federal jurisdiction; and, necessarily, in the event of conflicting proceedings during the interlude before that filing, the Federal jurisdiction predominates; *Hornung,* supra, Miners Sav. Bank of Pittston, Pa. v. United States, 63 F.Supp. 305 (M.D.Pa.1945), Shenandoah Chamber of Progress v. Frank Associates, Inc., 95 F.Supp. 719 (E.D.Pa. 1950). This all indicates that Federal jurisdiction exists even before completion of the removal proceedings in State court. The delay between the petition in Federal court and filing in State court is within the purview of "promptly" as set forth in § 1446.

■ In denying defendant's Motion to Set Aside the Entry of Default Judgment this Court recognizes two factors. The first of these factors goes to the Federal jurisdiction which existed prior to the completion of the removal proceedings. This Court has taken the view that the entry of the default judgment in State court was a nullity and no bar to any further proceedings in Federal court. The reasons for this view have been set forth earlier. This Court will proceed on the record as it existed at the time the Petition for Removal was filed, i. e. as if all that had been filed were a complaint and answer. At this time, of course, it is within both the jurisdiction and power of this Court to order the State court to strike the plaintiff's default judgment and assessment of damages, but the goals of comity would be best served and a clearer record established if the State court on its own authority were to act on the Motion to Strike.

However, § 1446(e) states ". . . and the State court shall proceed no further unless and until the case is remanded." (Section quoted in full above). This Court realizes that the State court is without the jurisdictional grounds to "proceed" any further with the controversy. In our view the State court can, however, act to correct its own records, i. e. strike the default judgment. As viewed by this Court, this would not be a "procedure" within the scope of the statute, but rather a ministerial function to correct the records of the State court which would be erroneous as they stand. A default judgment not only appears in the record created in the State court which has been removed to the Federal court, but may also appear in default judgment books and other places where default judgments and assessments of damages may be entered. The State court is best able to correct these entries wherever they may have been made and prevent the execution of an "open" default judgment. This State action now would prevent the necessity of the Federal court at a later date ordering the State court not to permit the execution of the null default judgment which might remain on its books and upon which the plaintiff might try to act. For all parties concerned including both the State and Federal courts, it is better that the State court correct its records and put plaintiff's default judgment to rest.

It is so ordered.