**Pedro RUBIO and Sheila Rubio, jointly and as parents and natural guardians of Meghan Rubio, a minor, Plaintiffs,**

v.

**ALLEGHENY INTERNATIONAL, INC., a foreign corporation, d/b/a Vita Master, Defendant.**

**No. 86–2032–CIV–LCN.**

United States District Court, S.D. Florida, Miami Division.

Feb. 24, 1987.

Murray Sams, Jr., of Sams & Ward, P.A., Miami, Fla., for plaintiffs.

Shelby Highsmith of Highsmith, Strauss & Glatzer, P.A., Coconut Grove, Fla., for defendant.

## ORDER OF REMAND

NESBITT, District Judge.

This cause is before the Court upon the Combined Verified Motion for Remand, the Motion for Leave to Amend Complaint and the Motion to Grant, By Default, Their Verified Motion for Remand and Their Motion for Leave to Amend Their Complaint filed by the Plaintiffs.

The Combined Verified Motion for Remand and the Motion for Leave to Amend Complaint were filed by the Plaintiffs on December 12, 1986. The Defendant did not respond to those Motions within the time allotted by Local Rule for the United States District Court for the Southern District of

Florida 10.C. which states, "Each party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion...." On January 14, 1987 the Plaintiffs filed their Motion to Grant, by Default, Their Verified Motion for Remand and Their Motion for Leave to Amend Their Complaint. The Defendant has also failed to respond to this Motion within the time allotted by the Federal Rules.

The Petition for Removal from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida in this action was filed on September 24, 1986. None of the documents filed by the Defendant in connection with the Petition for Removal certified that service of the Petition had been made upon the Plaintiffs as is required by Local Rule for the United States District Court for the Southern District of Florida 7.D. Plaintiffs allege that they first became aware that this action has been removed upon receipt of Defendant's Requests to Produce styled in the United States District Court on November 4, 1986, some 42 days after the Petition to Remove had been filed.

█ Under Local Rule for the United States District Court Southern District of Florida 10.C., the failure of a party to file an opposing memorandum of law to a motion within the time allotted by the Rules is in itself "sufficient cause for granting the motion by default." Thus, this cause may be remanded simply for the Defendant's failure to file a response to the Combined Verified Motion for Remand.

Additionally, 28 U.S.C. § 1446(e) states that:

> Promptly after the filing of such petition for removal ... the defendant ... shall give written notice thereof to all adverse parties ...

An uncontradicted affidavit submitted on behalf of the Plaintiffs establishes that no written notice of the Filing of the Petition for Removal was ever received by the Plaintiffs or their attorneys other than their receipt of the Defendant's Request to Produce styled as a federal court action.

█ Therefore, without deciding whether the receipt of Requests to Admit styled as a federal court action could qualify as the "written notice" required under the statute, it is at least clear that written notice was not given in prompt fashion as it was some 42 days before the Plaintiffs learned of the removal. As stated in Moore's Federal Practice, "[a]lthough an action is removable in nature, it is subject to remand, upon timely motion, for ... failure to give written notice of filing to the adverse party...." 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.168]4.—1] (2d ed. 1986). *See also Coletti v. Ovaltine Food Products*, 274 F.Supp. 719 (D.P.R.1967) (unnecessary delay of 5 days in giving notice of removal to Plaintiff warranted remand to state court); *Beleos v. Life and Casualty Ins. Co. of Tenn.*, 161 F.Supp. 627 (E.D.S.C.1956); *Patterson v. Refinery Engineering Co.*, 183 F.Supp. 459 (D.N.Mex.1960).

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Motion to Grant, by Default, Their Verified Motion for Remand and Their Motion for Leave to Amend Their Complaint is GRANTED IN PART with respect to the Verified Motion for Remand only;

2. The Combined Verified Motion for Remand is GRANTED and this case is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, pursuant to 28 U.S.C. § 1447(c) as it appears to this Court that the case was removed improvidently. The Clerk of the Court is directed to transfer the record of these proceedings to the Clerk of the Court for the Eleventh Judicial Circuit;

3. As this case was removed improvidently and this Court is without jurisdiction, Plaintiffs' Motion to Amend Complaint is DENIED.