**ALPENA POWER COMPANY, a Michigan Corporation, Plaintiff,**

v.

**UTILITY WORKERS UNION OF AMERICA, LOCAL 286, Defendant.**

No. 87–CV–10238–BC.

United States District Court, E.D. Michigan, N.D.

Dec. 18, 1987.

James L. Mazrum, Gillard, Bauer, Mazrum & Florip, Alpena, Mich., for plaintiff.

Theodore Sachs, Andrew Nichelhoff, Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

Plaintiff Alpena Power Company commenced this case in Alpena County Circuit Court seeking relief from an arbitrator's decision that allegedly exceeded the scope of the arbitrator's authority. Recognizing the United States District Court's original jurisdiction over the matter at issue under 29 U.S.C. § 185, *see also* 28 U.S.C. § 1331, defendant removed the case to federal court pursuant to 28 U.S.C. § 1441. Defendant filed a petition for removal in federal court on August 11, 1987; both parties concede that the petition for removal was filed within the statutory thirty day removal period. *See* 28 U.S.C. § 1446(b). Thus, removal was both proper and timely.

By filing a petition for removal, defendant incurred an obligation to "give written notice" of removal "to all adverse parties ... *promptly* after the filing of such petition for the removal of [the] civil action." 28 U.S.C. § 1446(e) (emphasis added). Because Defendant Local 286 did not effec-tively furnish written notice of removal to plaintiff until August 24, 1987, plaintiff has moved to have the case remanded based on the 13 day delay in providing notice. The outcome of this motion necessarily depends on the definition of "prompt" notice under 28 U.S.C. § 1446(e).

Courts that have faced the question of whether notice is "prompt" under 28 U.S.C. § 1446(e) have uniformly recognized that failure to provide "prompt" notice is a proper basis for remand. *See, e.g., Rubio v. Allegheny Int'l, Inc.*, 659 F.Supp. 62, 63 (S.D.Fla.1987) (citing collected cases); *see also* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3736 (2d ed. 1985) ("remand may be ordered when there is an undue delay in giving notice."). Courts construing § 1446(e), however, have been unable to prescribe a uniform definition of when notice is "prompt." *See, e.g., Rubio*, 659 F.Supp. at 63 (42 day delay is not prompt); *Coletti v. Ovaltine Food Prods.*, 274 F.Supp. 719, 723 (D.P.R.1967) (5 day delay justifies remand); *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 422 (D.S. C.1975) (rejecting *Coletti*, court finds that notice accomplished 7 days after filing of removal petition is "prompt"); *see generally Berberian v. Gibney*, 514 F.2d 790, 792–93 (1st Cir.1975).

In the case before the Court, plaintiff's counsel received oral notice of removal 10 calendar days after the filing of the removal petition, and subsequently obtained written notice of removal 13 days after the petition for removal was filed. The Court believes that notice was, in fact, "prompt" under 28 U.S.C. § 1446(e). The Court finds Fed.R.Civ.P. 6(a) helpful in defining "promptness." Specifically, Rule 6(a) draws a distinction between time periods of "less than 11 days" and time periods of 11 days or greater. *See* Fed.R.Civ.P. 6(a). Based on this distinction, the Court believes that a period of "less than 11 days" is within the range of "promptness" by analogy. In computing time under Rule 6(a) for periods of "less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded." *See id.* Applying the Rule 6(a) exclusions to the case before

the Court in order to complete the analogy, it is apparent that there are four excludable, intervening days. Thus, written notice of removal was accomplished within the allowable ten day period as defined by Rule 6(a).

Although the Court's decision to borrow Rule 6(a)'s ten day distinction and accompanying exclusionary provisions is simply based on reason and analogy, the Court's ruling provides concrete parameters to define the previously amorphous concept of "prompt" notice under 28 U.S.C. § 1446(e). Because the operation of this analogy indicates that notice in the case before the Court was "prompt," an appropriate order will enter denying plaintiff's motion to remand.