### COMPTON v. CARTER OIL CO.

(Circuit Court of Appeals, Eighth Circuit.   July 11, 1922.)

No. 5825.

I. **Removal of causes ⬤➾10—Federal court has no jurisdiction, unless state court had jurisdiction.**

A federal court has no jurisdiction of a case removed from a state court, unless the state court from which it was removed had jurisdiction of the subject-matter of the suit.

2. **Master and servant ⬤➾396—Removal of causes ⬤➾10—Oklahoma district court without jurisdiction of claim under Workmen's Compensation Act.**

Under Workmen's Compensation Act Okl. art. 2, §§ 10 and 13, and article 6, § 2, as amended by Laws 1919, c. 14, § 14, the Industrial Commission has jurisdiction, exclusive of state district court, of a claim for injuries from negligent malpractice of a surgeon furnished by the employer; and, since the state district court has no jurisdiction, the federal District Court has none on removal from the state court.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by M. F. Compton against the Carter Oil Company. Judgment for defendant on demurrer, and plaintiff brings error. Affirmed.

Walter Mathews, of Cushing, Okl., for plaintiff in error.

Walter Davison, of Tulsa, Okl. (James A. Veasey and C. M. Oakes, both of Tulsa, Okl., on the brief), for defendant in error.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

STONE, Circuit Judge. This was an action for personal injuries removed from the state district court. Under the Workmen's Compensation Law of Oklahoma (Laws 1915, c. 246, art. 2, § 4) an employer is required to promptly provide, for an employee injured in course of employment, medical and surgical aid for a period of 60 days. Under this requirement, defendant furnished such surgical aid to plaintiff who had suffered a fracture of the jaw. The injury here sued upon is alleged to have resulted from negligent malpractice of the surgeon in setting the jaw. The petition does not allege any negligence in selection of the surgeon. A demurrer to the petition based on lack of jurisdiction and insufficiency of facts was sustained.

[1] The claim of lack of jurisdiction is based on the contention that this recovery is sought under the Oklahoma Workmen's Compensation Act and that that act expressly lodges exclusive jurisdiction for recoveries thereunder in the State Industrial Commission. As this case comes by removal, the jurisdiction of the federal court cannot attach unless the state court from which the removal was taken had jurisdiction of the subject-matter of the suit. Fidelity Trust Co. v. Gill Car Co. (C. C.) 25 Fed. 757; Sheldon v. Wabash R. Co. (C. C.) 105 Fed. 785; Darnell v. Ill. Central R. Co. (C. C.) 190 Fed. 656. Also see Crowley v. Southern R. Co. (C. C.) 139 Fed. 851.

[2] The Compensation Act requires the employer to provide medical and surgical care promptly after injury and for 60 days thereafter.

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Oklahoma Supreme Court has construed the act as covering injuries through malpractice in the care of the employee during the 60 day period. Booth & Flinn v. Cook, 79 Okl. 280, 193 Pac. 36. Therefore, the question of jurisdiction narrows to that of whether the state district court has jurisdiction of injuries coming within, and where recovery is based upon, the Compensation Act. Sections 10 and 13 of article 2 of the act (Laws Okl. 1915, c. 246, pp. 584, 586; Laws Okl. 1919, c. 14, p. 21) provide for hearings before the Industrial Commission, with review, in matters of law, by the Supreme Court. Section 2 of article 6 (Laws Okl. 1915, c. 246, p. 603), as amended (Laws Okl. 1919, c. 14, p. 24), is as follows:

"The right of action to recover damages for personal injuries not resulting in death arising and occurring in hazardous employments as herein defined, except the right of action reserved to an injured employee or his dependents or other legal representatives in section 2 of article 2 and section 10 of article 5 of this act, is hereby abrogated, and all jurisdiction of the courts of this state over such causes, except as to the cause reserved to such injured employees or their dependents or other legal representatives in section 2 of article 2 and section 10 of article 5 of this act is hereby abolished."

The exception in the above quotation of section 2, article 2, relates to suit at law by the Commission against the employer, when the employer has failed to secure the payment of such character of claims by procuring the insurance required by the act. The exception in the quotation of section 10, article 5, relates to suits or causes of action existing prior to September 1, 1915.

It is clear, from the foregoing, that this action, being under the Compensation Act and based thereon, could have been brought in no tribunal of the state except the Industrial Commission. As the state district court where it was brought and from which it was removed had no jurisdiction of the subject-matter the action of the court below in sustaining the demurrer was correct and the judgment entered thereon should be affirmed. The Oklahoma Supreme Court has very recently decided that the jurisdiction of the Commission is exclusive. Brown v. Sinclair Refining Co., 206 Pac. 1042, decided May 2, 1922.

The above conclusion is concerned solely with the proposition of jurisdiction of the federal court upon removal and has no reference to the question of jurisdiction of such a suit filed in the federal court. In the latter situation the result might be different because, as said in Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 443, 30 Sup. Ct. 125, 128 (54 L. Ed. 272):

"Moreover, in cases which concern the jurisdiction of the federal courts, notwithstanding the so-called conformity act (Rev. St. § 914), neither the statutes of the state nor the decisions of its courts are conclusive upon the federal courts. The ultimate determination of such questions of jurisdiction is for this court alone. Western Loan and Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 369; Mexican Central Railway Co. v. Pinkney, 149 U. S. 194."

Affirmed.