**MINERS SAV. BANK OF PITTSTON, PA., v. UNITED STATES.**

Civil Action No. 2395.

District Court, M. D. Pennsylvania.

Nov. 16, 1945.

M. J. Mulhall, of Pittston, Pa., and Albert H. Aston, of Wilkes Barre, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Asst. U. S. Atty., both of Scranton, Pa., for the Government.

WATSON, District Judge.

On August 20, 1945, the Miners Savings Bank of Pittston, Pennsylvania, the plaintiff herein, filed in the Court of Common Pleas of Luzerne County, Pennsylvania, a bill in equity against the United States of America as defendant seeking to remove a cloud on title to real estate situate in the City of Pittston. The bill was duly served on the same day.

The suit was brought in the State Court under the authority of the Act of Congress, 28 U.S.C.A. § 901, by which Act the consent of the United States was given to be named a party in a suit to quiet title, and in which the procedure was set forth.

On September 21, 1945, thirty-two days after service a judgment for the plaintiff was entered in the State Court for want of an appearance and answer.

On September 22, 1945, a petition for removal was served on the plaintiff and filed in the State Court. On October 15, 1945, a certified copy of the record of the suit

was filed in the office of the Clerk of this Court.

The matter is now before this Court on a motion by the plaintiff to strike off removal proceedings or to remand the suit to the State Court, and also upon a motion by the defendant to set aside the judgment mentioned above.

28 U.S.C.A. § 902 provides, inter alia, as follows: "The United States shall have sixty days after service as above provided, or such further time as the court may allow, within which to appear and answer, plead, or demur."

In 28 U.S.C.A. § 903, the procedure for removal is set forth as follows: "Any such suit brought against the United States in any State Court may be removed by the United States to the United States District Court for the district in which the suit may be pending. The removal shall be effected in the manner prescribed by section 72 of this title: Provided, that the petition for removal may be filed at any time before the expiration of thirty days after the time herein or by the court allowed to the United States to answer, and no removal bond shall be required."

Plaintiff's motion to strike off the removal proceedings or to remand sets forth the following reasons: First, that the petition to remove was filed prematurely; and second, that the petition to remove was filed before the defendant appeared and answered, pleaded or demurred to the bill filed by the plaintiff in the State Court.

■ The first reason may be disposed of by the observation that section 903 sets a limitation of time which is the extreme point at which the removal proceedings may be taken, namely, "the expiration of thirty days after the time herein or by the court allowed to the United States to answer." This means simply that the United States has ninety days within which to initiate removal proceedings, or longer if the court so allows. On the other hand, however, the statute does not delimit the earliest time at which removal proceedings may be initiated except to say that the petition for removal may be filed "at any time before" the expiration of thirty days after the expiration of the time fixed for answer. Applying the statute to the case at bar, September 22, 1945, falls within the requirement "any time before" the expiration of the period allowed.

The second reason may be disposed of likewise by reading the words of the statute which by its terms says: "The removal shall be effected in the manner prescribed by section 72 of this title" with the proviso that the United States may have thirty days additional to the time allowed for answer to petition for removal. The "manner" prescribed in section 72 does not require answer to be filed before the petition for removal is filed.

■ Defendant moved the Court to set aside the judgment entered by the State Court for the reason that the judgment was entered prior to the time the defendant was required to answer or otherwise plead, under the provisions of the statute. It is clear that this Court has the power to set aside the judgment, and this was conceded by the attorneys for the plaintiff.

The motion of the plaintiff to strike off removal proceedings, or to remand the suit to the State Court, must be, and hereby is, denied; and the motion of the defendant to set aside the judgment entered in the Prothonotary's Office of Luzerne County, Pennsylvania, on September 21, 1945, is hereby granted and the judgment is vacated and set aside. The defendant shall file an answer to plaintiff's bill on or before December 17, 1945.