### DONLAN v. F. H. McGRAW & CO.
### Civ. No. 9547.

United States District Court
E. D. New York.
Dec. 28, 1948.

Barry & Lynch, of New York City, for plaintiff.

Gay & Behrens, of New York City, for defendant.

GALSTON, District Judge.

This motion presents an interesting question of interpretation of Sec. 1446(e) of Title 28 U.S.C.A., the recently enacted Federal Code.

The plaintiff by motion seeks to have the action remanded to the Supreme Court of Queens County, where the action was instituted, on the ground that notice of the filing of defendant's petition and accompanying bond in this court was not served upon the plaintiff, nor a copy of the petition filed with the clerk of the state court until the day following.

Secs. 1441–1450 of Title 28 relate to removal of actions from state courts. Under the former Code, removal petitions were required to be filed in the state court in which the action was brought. That practice no longer obtains, for now the Code provides for the removal of the state action by filing a petition in the federal court to which removal is sought. See Sec. 1441.

Sec. 1446 defines the procedure for removal. Subdivision (b) requires that such petition be filed within twenty days after the commencement of the action in the state court, and subdivision (d) that the petition be accompanied by a bond conditioned to pay costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable, or was improperly removed. Subdivision (e) reads:

"Upon the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further therein unless the case is remanded."

It is clear that it was not contemplated that the removal be considered complete until the requirements of subdivision (e) were complied with. It follows therefore that in the interim between the filing of the petition and bond by the defendant in the federal court, and the giving of notice to the plaintiff and the filing of a copy of the petition with the clerk of the state court, the plaintiff would be free to proceed with the action in the state court. He would in no sense be stayed. However, there is no requirement that the filing of the petition and bond in the federal court and the giving of notice to the plaintiff and filing a copy of the petition in the state court shall be effected simultaneously. If then it appears, as it does in this case, that the petition and bond were filed in this court on the twentieth day, and that on the following day, December 8, 1948, papers were filed in the office of the County Clerk of Queens County, and that on the same day copies thereof were served upon the attorneys for the plaintiff, and that in the interim no step was taken in the state court action, there was a practical and substantial compliance with the statute.

The motion to remand is accordingly denied.