## SHENANDOAH CHAMBER OF PROGRESS v. FRANK ASSOCIATES, Inc.

Civ. A. No. 11587.

United States District Court
E. D. Pennsylvania.
Dec. 19, 1950.

Francis Logan, Thomas C. Egan, Philadelphia, Pa., and J. W. P. Burke, Shenandoah, Pa., for plaintiff.

Shapiro, Rosenfeld & Stalberg, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is a petition to remand a case removed to this court from the Court of Commons Pleas of Schuylkill County, Pennsylvania, and to dismiss the petition for removal.

Concededly, the petition for removal was filed by the defendant with this court within the time allowed by the statute, 28 U.S.C.A. § 1446(b). On the day on which it was filed the defendant mailed the written notice and copy of the petition required by Sec. 1446(e) to both the attorney for the plaintiff and the Prothonotary of the Schuylkill County Court, and on the following day the papers were received and the copy of the petition was filed immediately by the Prothonotary.

Sec. 1446(e) requires that these steps be taken "promptly". There can be no question that they were taken promptly in this case nor that the statute was, in this respect, fully complied with. See Donlan v. F. H. McGraw & Co., D.C., 81 F.Supp. 599.

■ Subsection (e) then goes on to say that the steps in question "shall effect the removal". If it were necessary to this decision, I would have no hesitancy in holding that, if the statute has been complied with by prompt filing, the removal is effective for all purposes as of the time of the filing of the removal petition in the United States Court. Obviously, the intent of the statute was to give a defendant full 20 days after service on him of the process of the state court in which to file the petition for removal. To hold that the filing of the copy with the county clerk does not operate retroactively would be, in effect, to say that what Congress really intended was that the defendant should have 20 days to file, not the petition for removal, but a copy of the petition with the clerk of the state court. In this case the clerk's office of Schuylkill County is 90 miles by automobile from Philadelphia where this court sits, and certainly there are many districts in which it is impossible, by ordinary methods of transportation, to reach the county clerk's office in one of the more distant counties before close of business on the same day. In such a case, if the plaintiff's contention is correct, a defendant would have to file his petition for removal in the United States Court on the nineteenth day or lose his right to remove the case. I am satisfied that this is not what the statute means.

■ However, the plaintiff's principal contention in this case is that, inasmuch as he had taken a default judgment in the state court against the defendant upon the same day on which the removal petition was filed, the cause became unremovable. The fact is that the judgment was taken prematurely, without waiting for the time allowed by the state statute for such action, but I do not think that this point is of any importance, so far as this motion is concerned. Even if the default judgment had been properly taken, after the defendant had had full time to answer under the state law, the case could still have been removed. Cady v. Associated Colonies, C.C., 119 F. 420. See generally cases collected at 114 A.L.R. 1266.

The motions are denied.