**Janet HORNUNG, Plaintiff,**

v.

**MASTER TANK & WELDING COMPANY, a foreign corporation, and John T. HERNDON and Fred Capistran, jointly and severally, Defendants.**

and

**Fred Capistran, Third-Party Plaintiff (Glenn LARSON, Third-Party Defendant).**

**Civ. No. 3446.**

United States District Court
D. North Dakota,
Northeastern Division.

April 15, 1957.

---

---

Harold Hager (Degnan, Hager, Mc-Elroy & Lamb), Grand Forks, N. D., for plaintiff, Janet Hornung.

Lowell A. O'Grady (O'Grady & Edwards), Grand Forks, N. D., for defendant and third-party plaintiff Fred Capistran.

Robert Vaaler (Day, Stokes, Vaaler & Gillig), Grand Forks, N. D., for third-party defendant, Glenn Larson.

DAVIES, District Judge.

This is a negligence action brought by a North Dakota woman injured when the car in which she was riding collided with the rear end of a stalled truck and was struck from behind by a pickup truck following the car.

The accident occurred on a public street of the City of Grand Forks, in Grand Forks County, North Dakota, on March 22, 1956. Plaintiff was riding in a Studebaker owned and operated by Glenn Larson, a Minnesota resident. The stalled truck was owned by the defendant, Master Tank and Welding Company, a Texas corporation, and was operated by the defendant, John T. Herndon, a resident of Texas. The pickup was a 1950 Chevrolet owned and operated by the defendant, Fred Capistran, a Minnesota resident.

The plaintiff commenced this action in the state District Court of Grand Forks County on January 18, 1957, by service of Summons and Complaint upon the North Dakota Highway Commissioner by mail, pursuant to the Nonresident Motorist Statute. N.D.Rev.Code 1943, Sec. 28-0611, as amended, N.D.Laws 1955, c. 204, Sec. 1. On February 6, 1957, the defendants filed their Petition for Removal, with bond, in United States Court, alleging diversity jurisdiction, and gave the plaintiff written notice of such filing. Defendants were then informed by the plaintiff's attorney that the original Summons and Complaint had not yet been, but promptly would be, filed. On the same day defendants delivered a copy of the Petition for Removal to the office of the clerk of state court with instructions to file it with the original pleadings soon to be filed by the plaintiff's attorney. Several days later the defendant Capistran filed in United States Court a Motion to bring Larson into the action as a third-party defendant, and this Court granted the Motion by Order entered February 12, 1957.

Through inadvertence and oversight plaintiff's attorney failed to file the original pleadings with the clerk of state court, and on February 20, 1957, Larson's attorneys discovered there was no state court file on the case. That day, prompted by a Motion filed in United States Court by Larson's attorneys on the basis of such discovery, the defendant Capistran's attorneys had the state clerk open a file with copies of the pleadings and removal papers. Larson's Motion, now before the court, seeks to vacate the Order allowing the Third-Party Complaint and to remand the case to state court, on the grounds that there has been no proper removal from state court, and that the Order making Larson a third-party defendant was entered while the state court had jurisdiction.

This Court has not the least desire to add to its already crowded calendars by accepting removed litigation, where, as here, its jurisdiction is under attack. However, the question having been squarely raised, it must be squarely met.

The issue raised by this Motion is whether the failure, through no fault of the defendants, to open a state court file on a duly commenced action and to file a copy of the Petition for Removal with the clerk of state court, until after the time for removal has elapsed, defeats federal jurisdiction.

It is the opinion of this Court that such failure does not defeat federal jurisdiction since it is excusable and because the filing in state court is merely a procedural and ministerial act having no effect upon federal jurisdiction where the action has been duly commenced by personal service of the initial pleadings. It is conceded, of course, that jurisdiction of the state court is an essential prerequisite for a valid removal. Compton v. Carter Oil Co., 8 Cir., 1922, 283 F. 22; Wilson v. Kansas City Southern Ry. Co., D.C.Mo. 1951, 101 F. Supp. 56. If the state court has no jurisdiction of the action, the federal court can acquire none on re-

moval. Weeks v. Fidelity & Casualty Co. of N. Y., 5 Cir., 1955, 218 F.2d 503. Generally, jurisdiction of a proper action in state court vests at the time of service of process, and it does not depend upon the filing of the pleadings.[1] In other words, by valid service of process the state court could have jurisdiction of an action even if it had no record of the case.[2]

[4, 5] The state court acquired jurisdiction of the present action when the Summons and Complaint were duly served upon the defendants in accordance with the Nonresident Motorist Statute.[3] That jurisdiction was active until the removal was finally effected by the filing of a copy of the Petition for Removal with the state court clerk. 28 U.S.C.A. § 1446(e). It then became passive or dormant, pending disposition of the case in federal court. Doerr v. Warner, 1956, 247 Minn. 98, 76 N.W. 2d 505. Federal jurisdiction vested for all purposes when the Petition was filed in this court, the later notice thereof and the filing of a copy thereof in state court operating retroactively to "effect the removal" as of the date of filing the Petition in federal court. Shenandoah Chamber of Progress v. Frank Associates, D.C.Pa.1950, 95 F.Supp. 719.

[6] There is a subsisting dual jurisdiction as to a removed case, and during the brief interlude between filing the Petition for Removal in federal court and the filing in state court of a copy of such Petition, both courts have active jurisdiction. Donlan v. F. H. McGraw & Co., D.C.N.Y.1948, 81 F.Supp. 599. The filing in state court functions as a notice of the superseding federal jurisdiction; and necessarily, in the event of conflicting proceedings during the interlude before that filing, the federal jurisdiction predominates. Cf. Miners Savings Bank of Pittston, Pennsylvania v. United States, D.C.Pa.1945, 63 F. Supp. 305; see Shenandoah Chamber of Progress v. Frank Associates, D.C.Pa. 1950, 95 F.Supp. 719, 720.

The matter here under consideration illustrates that federal jurisdiction on removal exists even before completion of the removal proceedings. The delay of 14 days in completing these proceedings by the filing in state court, while not complying with the requirement of 28 U.S.C.A. § 1446(e), that the filing be done "promptly", was excusable. See Fuegen v. Miller, D.C.Iowa 1941, 37 F. Supp. 213, 215–216. The fact that there was no state court file on the case until completion has no significance because, so long as the state court had acquired jurisdiction by service of process, removal could be initiated prior to filing of the pleadings there. Dulion v. S. A. Lynch Enterprise Finance Corp., 5 Cir., 1931, 53 F.2d 568, 82 A.L.R. 509; Philipbar v. Derby, 2 Cir., 1936, 85 F.2d 27. This is a procedural irregularity which does not require a remand of the case to state court. Cf. Kingston v. American Car & Foundry Co., 8 Cir., 1932, 55 F.2d 132. To hold otherwise would, as a practical matter, give the plaintiff power to prevent removal simply by refraining from filing the original pleadings in state court until over 20 days had elapsed after service of Summons and Complaint upon the defendants. The plaintiff having no such power,

1. N.D.Rev.Code 1943, Secs. 28–0501, 28–0510 and 28–0511; cf. Coman v. Williams, 1951, 78 N.D. 560, 50 N.W.2d 494. In Schaff v. Kennelly, N.D.1953, 61 N. W.2d 538, 543, the court stated that "filing is not a condition precedent to the acquisition of jurisdiction of the court where personal service within the state is made."

2. See Crum, Proposed North Dakota Rules of Civil Procedure (1956) 32 N.D. L Rev. 88, 98–99.

3. See Helgeson v. Barz, D.C.Minn.1950, 89 F.Supp. 429 (period for removal commences with service of initial pleadings upon statutory agent); but see Mahony v. Witt Ice & Gas Co., D.C.Md.1955, 131 F.Supp. 564 (period does not commence until actual receipt of pleadings by defendant).

proper removal from state court was made despite the absence of a state court file, and this Court accordingly had jurisdiction to enter its Order affecting Larson as third-party defendant.

It is the opinion of this Court that the Motion of Glenn Larson, third-party defendant, to vacate this Court's Order of February 12, 1957, making him a third-party defendant, should be denied; and that his Motion to remand this case to the District Court of the First Judicial District, County of Grand Forks, State of North Dakota, should likewise be denied; and that third-party defendant's Motion to quash service of the third-party complaint should be heard upon due notice at the option of said third-party defendant.

It is so ordered.

The attorneys for Fred Capistran will prepare the necessary order in conformance herewith and submit it through the Clerk of this court with the least practicable delay.