**W. F. H. SCHULTZ, INC., Plaintiff,**

v.

**The GLIDDEN COMPANY, Defendant.**

**Civ. A. Nos. 10838–10840.**

United States District Court
N. D. Georgia,
Atlanta Division.
July 25, 1967.

**956**

Henning, Chambers & Mabry, Atlanta, Ga., for plaintiff.

Alston, Miller & Gaines, Atlanta, Ga., Lloyd T. Whitaker, Atlanta, Ga., of counsel, for defendant.

LEWIS R. MORGAN, Chief Judge.

The plaintiff in the above three actions has filed a motion to remand on the grounds that the proper procedural steps for removal were not followed in any of the cases, and, in addition, that one of the cases does not involve the jurisdictional amount.

The three suits were originally brought in the State Court. The defendant filed a petition for removal in this Court within the prescribed period, and a copy of the removal petition was properly filed with the State Court, pursuant to Title 28 U.S.C.A. § 1446. The pertinent portion of that section provides:

"(a) A defendant or defendants desiring to remove any civil action  *  *

from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

＊　＊　＊　＊　＊　＊

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

■ There is no dispute in the instant matter regarding the requirements of filing in Federal Court pursuant to provision (a) of Section 1446 or the necessity of filing a copy of such petition in the State Court pursuant to provision (e) of the section. The controversy arises regarding the portion of provision (e) which requires the defendant to "give written notice" to all adverse parties.

In the instant actions, it is uncontroverted that a copy of the removal petition was mailed to the attorneys for the plaintiff and that such copy was not received by the plaintiff's attorneys. The plaintiff's contention is that since it did not receive this particular written document of notice, it received no written notice and thus the cases must be remanded.

If the copy of the removal petition was the sole method of effecting "written notice", the plaintiff's contention might have merit. However, Section 1446 merely requires prompt, written notice; it does not require that a copy of the petition for removal be sent to the adverse party. In the instant cases, the defendant filed the petitoin for removal in this Court on March 31, 1967. On April 7, 1967, the attorneys for the defendant mailed to the plaintiff's attorney

a brief with the following language in the opening paragraph:

"The above-styled action is one commenced in the Civil Court of Fulton County by W. F. H. Schultz, Inc. seeking damages from The Glidden Company. *As defendant, The Glidden Company seasonably caused this action to be removed from the Civil Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia * * *"* (emphasis supplied)

The plaintiff's attorney admits that this document was indeed received by him, and there could be no doubt concerning such receipt, as the plaintiff's attorney acknowledged the motion and brief in question by requesting an extension of time in order to reply.

Thus, it is clear that the plaintiff's attorney received the required written notice pursuant to Section 1446.

The Court is of the opinion that all the proper procedural requisites of Section 1446 were met and that the cases were properly removed. The plaintiff further challenges the removability of one of the cases, Civil Action No. 10840, which involved an amount of less than ten thousand dollars.

It appears from the pleadings and attached exhibits filed in State Court that Civil Action No. 10838 is a suit on a contract to "deliver, install, and train personnel" for a hydrogen plant, while Civil Action No. 10840 arises out of a contract to "deliver, install, and train personnel" for a nitrogen plant. Civil Action No. 10839 is a suit for sums due for work performed pursuant to the contracts involved in Civil Actions 10838 and 10840.

The Court is confident that it has jurisdiction over Civil Actions Nos. 10838 and 10839; however, there is some question regarding Civil Action No. 10840 as damages of less than $10,000.00 are alleged.

█ As the Court clearly has jurisdiction over Civil Action No. 10839 which seeks to recover monies owed for work performed under the contract involved in Civil Action 10840, the Court feels that it must hear the matter in its entirety. To do otherwise could result in a judgment in Civil Action No. 10839 which would have the effect of barring recovery on the matter presented in Civil Action 10840 via res judicata.

The issue involved in Civil Action 10840 is the same issue to be determined in Civil Action 10839. Thus, as there is no justification for a fragmentation of the issue, the Court denies the plaintiff's motion to remand.

It is so ordered.