**Norman C. KIZER, Plaintiff,**

v.

**Wilson R. SHERWOOD, Defendant.**
**Civ. No. 69–375.**

United States District Court,
M. D. Pennsylvania.
March 6, 1970.

---

Warren, Hill, Henkelman & Mc-Menamin, Scranton, Pa., for plaintiff.

S. John Cottone, U. S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

Before the Court are two motions, the first by plaintiff, Norman C. Kizer, to remand this lawsuit to the Court of Common Pleas of Lackawanna County, Pennsylvania, from which it was removed by the United States on September 22, 1969, pursuant to The Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), and the second by the United States to substitute itself as defendant in place of Wilson R. Sherwood. The contention advanced by Kizer in support of his motion is that the removal petition of the United States is untimely since it was filed after the Government's right to remove the lawsuit had expired. The basis for the Government's motion is that Sherwood was acting within the scope of his employment as a rural mail carrier, a Federal employee, at the time of the accident and, thus, plaintiff's exclusive remedy is against it under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

This action originated as a result of an automobile accident between the parties almost six years ago on June 20, 1964, causing property damage only. Kizer began his lawsuit in the Lackawanna County Courts on June 12, 1969, with service duly made thereafter on Sherwood. The complaint made no mention of the employment status of Sherwood at the time of the accident. On July 15, 1969, Kizer obtained a default judgment against Sherwood pursuant to

Rule 1047 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, for failure to appear or to plead to the complaint. On September 9, 1969, as required by Subsection (b) of Rule 1047, Kizer gave Sherwood written notice that he would petition the Prothonotary to assess damages in his favor unless Sherwood filed a written request for trial on the issue of damages by September 24, 1969. Two days before this time expired, the United States Attorney for the Middle District of Pennsylvania petitioned for removal of the lawsuit to this Court, certifying therein that Sherwood was acting within the scope of his employment with the Federal Government at the time of the accident.

Two issues are presented in this case: (1) whether removal by the United States was timely achieved, and (2) whether the State Court action was properly instituted in the first place.

Section 2679(d) provides, in part, that upon appropriate certification by the Attorney General " * * * any * * * civil action or proceeding commenced in a State Court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district * * * wherein it is pending * * *." While it is true that Kizer obtained a default judgment in the Lackawanna County Court pursuant to Pa.R.Civ.P. 1047, it is quite clear from an examination of this Rule that a trial had not yet been held since Rule 1047 specifically provides that even after entry of a default judgment, a defendant may still make "a request for trial on the issue of * * * damages." In this case, removal was accomplished before the expiration of the time for making this request and, therefore, I find that the removal was timely achieved before trial in the State Court.

With respect to the second issue presented, I conclude that the original State Court action was not properly instituted. There is no dispute in this case that Sherwood was a Federal employee acting within the scope of his employment at the time of his accident with Kizer in 1964. Once this is accepted, the rule prevails that no State Court action may be instituted beyond the two-year period of the Federal Tort Claims Act, 28 U.S.C. § 2401(b), even though the State Statute of Limitations has not yet run. Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966); Hoch v. Carter, 242 F.Supp. 863 (S.D.N.Y.1965). The rationale for this rule is that the sole and exclusive remedy under the Federal Drivers Act of one injured due to the negligent operation of a motor vehicle by a Federal Government employee is an action against the United States. Consequently, Sherwood was immune from suit and the remedy against the only party amenable to suit, the United States, has been barred by the running of the Statute. Although the result in this case appears harsh, as was pointed out in Hoch v. Carter, supra, "(w)hen the proper party is substituted for the wrong party and the proper party then asserts rights which would have been obviously and concededly available had the proper party been sued originally, plaintiffs cannot be heard to complain." Accordingly, the motion of the United States to substitute it as defendant in this suit will be granted and the case will be dismissed.

As far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute, 28 U.S.C. §§ 1441–1450, it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case. 28 U.S.C. § 1450; Harter Township v. Kernochan, 103 U.S. 562, 26 L.Ed. 411 (1880); Munsey v. Testworth Laboratories, Inc., 227 F.2d 902 (6th Cir. 1955); Miners Sav. Bank v. United States, 63 F.Supp. 305 (M.D.Pa.1945). Since removal was properly accomplished under the Federal Drivers Act in this case, there is legitimate reason to apply the identical principle to set aside the default judgment rendered against Sherwood prior to removal of this lawsuit. Accordingly, the

United States may immediately move for relief from the default judgment pursuant to Fed.R.Civ.P. 60(b). Cf. Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

It will be so ordered.