**Jerry V. DeMOSS and/or J & B Corporation, Plaintiff,**

v.

**KELLY SERVICES, INC. (Former Kelly Girl Services, Inc.), Defendant.**

Civ. No. 539–72.

United States District Court, D. Puerto Rico.

June 27, 1972.

Sweeting, González & Ruiz, Hato Rey, P. R., for plaintiff.

Reichard & Colberg, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

On June 22, 1972, defendant Kelly Services, Inc. filed a petition for removal of this case from the Superior Court of Puerto Rico, San Juan Section, pursuant to Sections 1441 et seq., 28 United States Code Annotated. On June 21, 1972, Commonwealth of Puerto Rico Superior Court Judge, Francisco Espinosa, granted a temporary restraining order against the defendant which generally restrained defendant from cancelling or in any manner altering the existing relationship with plaintiff, arising from a dealership contract between them and specifically prohibiting and restraining defendant from taking any action which would deny plaintiff the use of the telephone numbers listed under the name of Kelly Services.

The plaintiff, by motion dated June 26, 1972, requests that we hold that the temporary restraining order granted by Superior Court Judge Espinosa is in full force and effect until dissolved or modi-

fied by this Court and that an Order be entered requiring defendant to appear before this Court to show cause why it should not be adjudged in contempt for alleged violations of the above mentioned order. Plaintiff also requests in said motion that we enjoin the Puerto Rico Telephone Company from transferring or otherwise interfering with plaintiff's telephone service.[1]

 Aside from the obvious fact that plaintiff's request for a temporary restraining order against the Puerto Rico Telephone Company, who is at present not a party in this suit, does not contain the necessary allegations referring to jurisdiction and requisites for granting temporary injunctive relief (see: Pauls v. Secretary of Air Force, 457 F.2d 294, p. 298 (1st Cir. 1972), we also note that said request is not accompanied by a memorandum of law as required by Rule 2 of the Rules of the Court. Said request for temporary injunctive relief is hereby denied.

With respect to plaintiff's request that we consider the temporary restraining order granted by the Commonwealth Superior Court in full force and effect, we are in accord with plaintiff's position.

Section 1446(e), 28 U.S.C.A., states that on fulfillment of the requirements of written notice to the adverse parties and the filing of a copy of the removal petition with the clerk of the state court, the state court shall proceed no further unless and until the case is remanded. The jurisdiction of a federal district court attaches when the removal petition is filed with it, and it may validly take action in the case before the requirements of Section 1446(e) are met (see: 1A Moore's Federal Practice p. 1304–05, § 0.168 [3.–8] and Shenandoah Chamber of Progress v. Frank Associates, 95 F.Supp. 719 (U.S.D.C., 1950);

Hornung v. Master Tank & Welding Co., 151 F.Supp. 169 (D.C.)). Section 1450 of 28 U.S.C.A., states that all injunctions, orders and other proceedings had in any action removed to a district court of the United States prior to its removal shall remain in full force and effect until dissolved or modified by the district court. We, therefore, find that we have jurisdiction and authority to comply with plaintiff's request that defendant should be compelled to show cause why it should not be adjudged in contempt by reason of its alleged violation of the temporary restraining order granted by the Commonwealth of Puerto Rico Superior Court on June 21, 1972.

An order to show cause as specified above shall be caused to be issued against the defendant Kelly Services, Inc.

It is so ordered.

---

1. Plaintiff alleges that the defendant has requested the Puerto Rico Telephone Company to transfer the Kelly Services' telephone number to an office which defendant is allegedly establishing in Puerto Rico. Plaintiff also maintains that pursuant to Kelly Services' request, employees of the Puerto Rico Telephone Company have already attempted to transfer the disputed telephone numbers.