William Allen **BARRETT**, as Administrator of the Estate of Mary Elizabeth Barrett, Deceased, Plaintiff,

v.

**SOUTHERN RAILWAY COMPANY**, Defendant.

Civ. A. No. 75–1038.

United States District Court, D. South Carolina, Greenville Division.

Aug. 14, 1975.

Rex L. Carter, of Carter, Philpot & Johnson, Greenville, S. C., for plaintiff.

John J. McKay, Jr., F. Dean Rainey, Jr., and James W. Orr, of Rainey, Fant & McKay, Greenville, S. C., for defendant.

### ORDER

HEMPHILL, District Judge.

Opposing motions, filed on the same day in this court, demand decisions arising out of a novel procedural state. Defendant has moved for an order to enjoin the plaintiff from pursuing the

state court default judgment, rendered by the Honorable Frank Eppes, Resident Judge of the Thirteenth South Carolina Judicial Circuit, at Greenville, South Carolina, on June 21, 1975. Another motion, complementary to and dependent upon the granting of that motion, asks that this court hold that the state judgment is null and void for want of state jurisdiction and ordering the case to be processed in the United States Courts. Plaintiff, on the same day, moved for an order remanding the above captioned case to the Court of Common Pleas for Greenville County, South Carolina, but reserved his position that the case was never properly removed to the United States District Court for the District of South Carolina. Provisions of 28 U.S.C. § 1446 are crucial, and particularly subsection (e) [1] of that statute. A chronology of events is necessary for both understanding and decision.

On February 14, 1975, a collision occurred between the automobile driven by plaintiff's intestate and a freight train of defendant, at a grade crossing on Stephenson Avenue in the community of Taylors, in Greenville County, South Carolina. On May 26, 1975, plaintiff, through her attorneys, Carter, Philpot and Johnson of Greenville, South Carolina, filed a state court summons and complaint in the Court of Common Pleas for Greenville County, South Carolina, and, on the same date, same was duly served on the late F. Dean Rainey, Esquire, Division Counsel for Southern Railway. On the same day the Division Counsel turned the matter over to partners and associates in his firm who by affidavit [2] would show that on June 16, 1975, upon instruction from James W.

Orr, Esquire, an associate of the law firm, she undertook to file the removal papers in the within action. Unfortunately for her purposes, she understood that the papers had to be filed in the federal court, but apparently did not check on the provisions of 28 U.S.C. § 1446(e) which provides that, after the filing has been made in the federal court, the defendant or defendants shall: (1) give written notice to all adverse parties, and (2) file a copy of the petition with the state court of original jurisdiction. She was also instructed to file defendant's answer and demand for jury trial later in the week and to serve the latter documents on plaintiff's attorneys. Accordingly, she filed the removal papers in the United States District Court for the District of South Carolina, in the Greenville Division, June 16, 1975.

On June 17, 1975, Mrs. Edith W. Thomas, Deputy Clerk of Court in the Greenville Division, forwarded, by ordinary mail, a notice of the filing of the removal papers, stating:

> Please take notice that I have this date filed June 16th the Petition, Bond and Notice of Removal, together with the complaint, in the above case.

> Your receipt for the filing fee is enclosed.

This notice was forwarded to counsel for plaintiff and for defendant. On the same day Rex Carter, Esquire, of counsel for the plaintiff, executed and filed with the Clerk of Court for the Court of Common Pleas for Greenville County, South Carolina, an affidavit of default. No copy of the affidavit of default, or the default judgment, was forwarded to defendant or defendant's counsel.

---

1. 28 U.S.C. § 1446(e) provides: Procedure for removal
   Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State could shall proceed no further unless and until the case is remanded.

2. The affidavit of Nancy E. Dill, paralegal assistant to defendant law firm of Rainey, Fant and McKay, P. A., of Greenville, S.C., was attached to the original motion.

On June 18, 1975, the notice of filing forwarded the previous day by Mrs. Thomas, Deputy Clerk, was received in defendant's office. There is no evidence in the record as to when this notice reached plaintiff's counsel.

On June 19, 1975, again on instructions from defense attorney Orr, Ms. Dill attempted to serve on Jefferson V. Smith, Esquire, of plaintiff's firm, a copy of defendant's answer and demand for a jury trial captioned "In the United States District Court for the District of South Carolina, Greenville Division, Civil Action No. 75–1038." Smith refused to accept service but indicated that he would accept a copy of the pleadings, and, after leaving the federal court papers with him, Ms. Dill executed an affidavit attesting to this procedure. Smith gave Ms. Dill as reason for refusing to sign the acceptance of service that defendant was in default.[3] On this same day, Ms. Dill filed a copy of the removal papers with the Clerk of Court for Common Pleas for Greenville County, South Carolina, for insertion in the state court file, and received a receipt from the clerk. This receipt, along with the answer and demand for a jury trial were then filed by Ms. Dill in the office of Clerk of Court in the Federal Courthouse in Greenville. On the same day Mrs. Thomas forwarded by mail to F. Dean Rainey, Jr., attorney for defendant, and Rex L. Carter, attorney for the plaintiffs, the following notice:

> Please take notice that I have this date filed the following: (1) Acknowledgment of Clerk of State Court of Receipt of Copy of Petition for Removal, (2) Defendant's ANSWER, and (3) defendant's DEMAND for jury trial.

On June 20, 1975, the notice forwarded the previous day by Mrs. Thomas was received at the defendant's office.[4] On the same day, a default hearing was held before South Carolina Thirteenth Circuit Resident Judge Frank Eppes in the Greenville County Court House. No notice of this hearing was given to the defendant or its attorneys. Testimony was taken for most of the day. On June 21, further testimony in the default hearing was taken before Judge Eppes, who, during the day, signed an order granting default judgment to plaintiff against defendant in the amount of $270,809.00. On June 23, 1975, a copy of Judge Eppes' order granting the state court default judgment was filed with the Clerk of Court for Greenville County, South Carolina, and a copy served on counsel for defendant. Defendant contends that this was a first notice to them by either plaintiff's attorneys or the state court that such proceedings were before the Court of Common Pleas for Greenville County. Upon receipt of this notice of the default judgment, John J. McKay, Esquire, a member of defendant's firm, called Rex Carter, Esquire, of counsel for plaintiff, and hand carried a letter to him confirming what had been stated in the telephone call, to wit: That the case had been removed to the federal court. This letter was presented to Kinard Johnson, Esquire, a member of plaintiff's counsel's law firm.

■ Federal, and not state, law governs all removal proceedings. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

It will be seen here that the provisions of 28 U.S.C. § 1446(a)[5] were

---

3. Smith's affidavit so avers. The affidavit of Ms. Dill does not report that Smith gave a reason, but does not controvert the affidavit of Smith on this point.

4. In a letter of June 24, 1975, plaintiff's counsel, Rex L. Carter, Esquire, wrote to defendant's counsel, John J. McKay, Esquire, that the notice sent out by Mrs. Thomas on June 17, had been received in his office June 19.

No mention was made of the default judgment of 21.

5. 28 U.S.C. § 1446(a) provides: Procedure for removal.

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is

complied with, and the thirty day provision of subparagraph (b) [6] and (d) [7] had been complied with. The removal papers had been filed with the United States District Court, within the thirty days provided by the statute and had been filed with the state court within thirty days. Plaintiff insists that until this day defendant has never complied with subsection (e) requiring that defendant "shall give written notice thereof to all adverse parties". Thus, the application of subsection (e) of the statute is critical.

It is obvious that the defendant did not answer within the time allowed for answering in the state court.[8] On June 19, 1975, twenty-four days after the complaint was filed in state court, the defendant filed its answer and demand for jury trial in this court. While this

was not within the time provided in Rule 12(a) [9] defendant relies upon the provisions of Rule 81(c) [10] and the filing of the answer and demand for a jury trial were within five days of the filing of the petition for removal. This, however, does not appear to be an issue in the case but is recorded herein in order that the entire record will be exposed in this order.

A brief summation of the chronology reveals that the following took place:

1. The original complaint was filed in the Court of Common Pleas for Greenville County, South Carolina, May 26, 1975.

2. Within thirty days thereafter, defendant (a) filed the appropriate removal papers in the federal court on June 16, 1975, (b) filed the removal papers in the Office of the Clerk of

---

pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

6. 28 U.S.C. § 1446(b) provides:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

7. 28 U.S.C. § 1446(d) provides:

(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

8. Section 10–641, S.C.Code, 1962, Anno. provides: Defendant to demure or answer within twenty days.—The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of the copy of the complaint.

9. Fed.R.Civ.P. 12(a) provides: When Presented. A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, except when service is made under Rule 4(e) and a different time is prescribed in the order of court under the statute of the United States or in the statute or rule of court of the state. . . .

10. Fed.R.Civ.P. 81(c) provides: Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest. . . .

Court for Greenville County on June 19, 1975, (c) attempted service of defendant's answer and demand for a jury trial in the United States District Court for the District of South Carolina, Greenville Division, on plaintiff's counsel on June 19, 1975, and (d) on June 23rd John J. McKay, of defendant's counsel's law firm, telephoned Rex Carter of the plaintiff's counsel's law firm, to state that the removal papers had been filed, and hand carried a letter confirming the call, notifying attorneys for plaintiff that the case was removed to federal court by removal papers filed in that court on June 16th.

3. Meanwhile, defendant's counsel made no answer or other pleading in the state court in response to the complaint. On June 17, 1975, a notice was mailed from a Deputy Clerk for the United States District Court to plaintiff's counsel, stating that the petition bond and notice of removal had been filed in the Clerk's Office in the federal court. On June 19, 1975, a second notice was mailed from the Clerk of Court for the United States District Court indicating that the removal papers had been filed in the state court.[11]

■ Defendant initially positions that the receipt by the plaintiff's attorney, on June 19, 1975, of a copy of the "notice of filing" by the Deputy Clerk of the Federal Court, satisfies the requirement of subsection (e) that the defendant give written notice to the plaintiff. This novel position is not supported by any authority, and, if accepted by this court, would accomplish the abolition of that requirement of subsection (e) of the statute requiring that "promptly after the filing of such petition and bond, defendant or defend-

ants shall give written notice thereof to all adverse parties." This argument is neither reasonable nor acceptable, and this court makes the observation that such would make the Clerk of the Court the agent for one of the parties, which the law neither intends nor expects. The procedure by the Deputy Clerk was in no way motivated by the defendant and is, in reality, a courtesy, not governed by any rule of this court.

■ Defendant also contends that the requirement of written notice was satisfied on June 19, 1975, when Jefferson V. Smith, Jr., one of the attorneys for the plaintiff, was served with an answer and demand for jury trial captioned in the federal court. Defendant cites as authority the case of *Schultz v. Glidden Company*, 275 F.Supp. 955 (N.D.Ga.1967). In an examination of that case it holds that the court allowed a copy of defendant's brief to suffice relying on the language in the opening paragraph of the brief, as follows:

The above-styled action is one commenced in the Civil Court of Fulton County by W. F. H. Schultz, Inc. seeking damages from the Glidden Company. As defendant, the Glidden Company seasonably caused this action to be removed from the Civil Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia . . .

It further appears that in the *Schultz* case that there was uncontroverted evidence that the defendant mailed to the plaintiff a copy of the removal petition but such copy was not received by plaintiff's attorney. The court ruled:

If the copy of the removal petition was the sole method of effecting

---

11. In the plaintiff's brief at page 2, the court finds the following:

"Plaintiff admits that the procedures for removal outlined under 28 U.S.C.A. § 1446 (e), were completed on June 23, 1975, by the delivery of written notice from John J. McKay, Jr., if such written notice is determined to have been prompt. It is our posi-

tion that such notice, given a week after the filing of the removal petition, after the case had proceeded to judgment, and only in response to receipt of such judgment by defendant's attorneys was not prompt. For this reason we have made a motion to remand, reserving all rights to oppose the defendant's motion."

"written notice", the plaintiff's contention might have merit. However, Section 1446 merely requires prompt, written notice; it does not require that a copy of the petition for removal be sent to the adverse party.

*Id.* at 956.

An examination of the answer and demand for a jury trial which were given to Mr. Smith on the day in question, but for which he would not accept service, reveals no such language as would suffice to bring this case within the ambit of *Schultz.*

■ This court has carefully reviewed those cases where it has been held that removal is not considered complete until the requirements of subsecton (e) are complied with. *Babbitt v. Clark,* 103 U.S. 606, 26 L.Ed. 507 (1881) (wherein it was held that "to effect the transfer of jurisdiction, all the requirements of statute must be followed"). *Beleos v. Life & Casualty Ins. Co. of Tenn.,* 161 F. Supp. 627, 629 (E.D.S.C.1956) (where the defendant's attorney failed to file a copy of the petition for removal with the Clerk of state court *and* failed to serve written notice of the filing of the petition in the federal court upon plaintiff's attorneys); *Kovell v. Pennsylvania RR,* 129 F.Supp. 906, 908 (N.D. Ohio 1954) (where the notice of removal was mailed to plaintiff's counsel at the wrong address and the court held that the attempted notice was not sufficient); *Donlan v. F. H. McGraw & Co.,* 81 F. Supp. 599, 600 (E.D.N.Y.1948). The court has carefully considered the able arguments in plaintiff's brief. This court finds, however, that the statute was complied with, despite the fact that compliance with the various parts of the statute were, to say the least, ragged. All the required elements were complied with within the 30-day period.

The court now examines further authorities on the subject.

In *Adair Pipeline Co., Inc. v. Pipeliners Local Union No. 798,* 203 F.Supp. 434 (S.D.Tex.1962), *aff'd* 325 F.2d 206 (5th Cir. 1963) the issue was whether a case had been properly removed from the Texas State Courts and whether a subsequent judgment by the Texas State Court was valid. The attorney for the defendant handed a copy of the removal papers to the State Court Judge at the beginning of the State Court hearing, but apparently never filed them with the Clerk of the State Court. The plaintiff's attorney contended because there had not been literal compliance with the statute the State Court continued to have jurisdiction. The opinion of the District Judge, adopted as the opinion of the Fifth Circuit, stated:

We have to look at the reason for filing the petition for removal with the clerk of the state court. The apparent reason is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement. In the case before the Court, the evidence shows clearly that the State District Judge had this notice.

I hold that when a judge is hearing a matter in open court and on the bench, and an instrument, such as the petition for removal in this case, is handed over to him, it is not given to him to put in his hip pocket or throw in the wastebasket, but as an instrument that is filed with the papers in the cause; and since the clerk is the custodian of all documents that are submitted to the judge in open court and during a hearing, the District Judge was obligated to turn the petition for removal handed to him by the attorney for the Defendants, over to the Clerk. His failure to do what he is in law supposed to do will not deprive this Court of exclusive jurisdiction over this matter from the moment that the petition for removal was presented to him. If he

had any doubts as to its authenticity, all he had to do was to inquire from the Clerk of this Court.

*Id.* at 437.

This court is mindful of the opinion in *Kelley's Adm'r v. Abram*, 20 F.Supp. 229, 231 (E.D.Ky.1937) which reasons that when filng is accomplished in the state court, jurisdiction of the federal court immediately attaches and the right of the state court to proceed absolutely ceases. At the time that Judge Eppes had the hearing and published the default order, not only was he advised of the pending removal, but the papers had been filed in the Office of the Clerk of Court for Greenville County (June 19th) and a notice of such filing had been placed in the mails by the Deputy Clerk of the United States District Court. The exact time when plaintiff's attorneys received this notice is not before us, but the state judge was aware of the removal.[12] What was intended by the requirement of notice to the adverse party, simply that *actual notification be given,* had been accomplished, certainly with sufficiency to remove the jurisdiction of the state court until such time as this court could consider the motion to remand, if made (the motion to remand was filed two days after the state court order).

■ There is no question but that once removal procedures are completed, state jurisdiction ends and any further action in the state court is void. *Stone v. South Carolina,* 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886). The United States Court of Appeals for the Fourth Circuit, in *South Carolina v. Moore,* 447 F.2d 1067 (4th Cir. 1971), leaves open the question of actions by federal and state courts from the time of the filing of removal papers from the federal court until removal procedures are complete, but states unequivocally the effect on state jurisdiction from the time these procedures are complete:

> Since the adoption of § 1446, it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court. Under these holdings any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective. This rule has been accepted by numerous scholarly commentators as a correct statement of existing law under § 1446.

*Id.* at 1073 (footnotes deleted). *See also North Carolina v. Sullivan,* 50 F. 593 (4th Cir. 1892).

This court adopts the reasoning set forth in 1A *Moore's Federal Practice* ¶ 0.168 (3.–8 p. 509–510):

> In the interim between the filing of the removal petition in the federal district court and · the fulfillment of the foregoing requirements what is the respective jurisdiction of the federal district court and the state court? The jurisdiction of the federal district court attaches when the removal petition is filed with it, and it may validly take action in the case during the interim period. There is authority that until a copy of the removal petition is filed with the state court it may take action in the case even if this defeats the federal court's removal jurisdiction. While we believe the first half of this proposition is sound, the second half is not. When a copy of the removal petition is filed in the state court this operates to "effect the removal" as of the date of filing the original removal petition in the federal court; and in the event of conflicting proceedings during the inter-

---

12. The state court order of Judge Eppes recited (page 2); "A copy of the petition for removal to federal court was filed in the Office of Clerk of Court for Greenville County, S.C., at 3:15 p. m., June 19, 1975."

im period the federal jurisdiction predominates.

The United States District Court for the District of North Dakota, in *Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169 (D.N.D.1957), discussed the effect of federal and state jurisdiction during this time interval as follows:

> The state court acquired jurisdiction of the present action when the Summons and Complaint were duly served upon the defendants in accordance with the Nonresident Motorist Statute. That jurisdiction was active until the removal was finally effected by the filing of a copy of the Petition for Removal with the state court clerk. 28 U.S.C.A. § 1446(e). It then became passive or dormant, pending disposition of the case in federal court. *Doerr v. Warner*, 1956, 247 Minn. 98, 76 N.W.2d 505. Federal jurisdiction vested for all purposes when the Petition was filed in this court, the later notice thereof and the filing of a copy thereof in state court operating retroactively to "effect the removal" as of the date of filing the Petition in federal court. *Shenandoah Chamber of Progress v. Frank Associates*, D.C.Pa.1950, 95 F.Supp. 719.
>
> There is a subsisting dual jurisdiction as to a removed case, and during the brief interlude between filing the Petition for Removal in federal court and the filing in state court of a copy of such Petition, both courts have active jurisdiction. *Donlan v. F. H. McGraw & Co.*, D.C.N.Y.1948, 81 F.Supp. 599. The filing in state court functions as a notice of the superseding federal jurisdiction; and necessarily, in the event of conflicting proceedings during the interlude before that filing, the federal jurisdiction predominates. Cf. *Miners Savings Bank of Pittston, Pennsylvania v. United States*, D.C.Pa.1945, 63 F.Supp. 305; see *Shenandoah Chamber of*

*Progress v. Frank Associates*, D.C.Pa. 1950, 95 F.Supp. 719, 720.

*Id.* at 172 (footnotes deleted).

In *Master Equipment, Inc. v. Home Ins. Co.*, 342 F.Supp. 549 (E.D.Pa.1972), plaintiff filed his complaint on September 1 in the Pennsylvania State Court. Service was effected on the defendants on September 7. The defendants filed a petition for removal in the federal court on September 21 and on September 22 a copy of the removal petition was forwarded to plaintiff's counsel. The plaintiff obtained a default judgment in the State Court on September 28. On October 1, a copy of the removal petition was filed with the State Court. The question was whether the State Court judgment was valid. The federal court held that the petition acted retroactively to confer federal jurisdiction on the federal court as of the date the petition had been filed in the federal court. The district court indicated that it would proceed on the record as it existed on that earlier date as if all that had been filed were the complaint and answer. In conclusion, after this discussion of respective state and federal jurisdiction in such cases, the court stated:

> Where has all this discussion left us? Really in a very sound and workable situation. The filing in State court functions as a notice of the superseding Federal jurisdiction; and, necessarily, in the event of conflicting proceedings during the interlude before that filing, the Federal jurisdiction predominates; *Hornung, supra, Miners Sav. Bank of Pittston, Pa. v. United States*, 63 F.Supp. 305 (M.D.Pa.1945), *Shenandoah Chamber of Progress v. Frank Associates, Inc.*, 95 F.Supp. 719 (E.D.Pa.1950). This all indicates that Federal jurisdiction exists even before completion of the removal proceedings in State court. The delay between the petition in Federal court and filing in State court is

within the purview of "promptly" as set forth in § 1446.

*Id.* at 552.

These decisions would indicate even if the removal in the present case was not completed until June 23, after the entry of the default judgment, the case would still proceed in the federal court in the posture in which it existed in the State court when the petition for removal was filed on June 16. This would mean the State default judgment would be without effect. The effect of the filing of the removal papers in the State court (after the filing in the federal court) was to suspend, at that time, further state court action until such time as the removal was completed or the case remanded to State court upon proper and timely motion.

Under any interpretation of the federal law, the defendant is not now and never has been in default in the federal court. If federal jurisdiction is retroactive to the date of filing the petition, the defendant would not have been in default in either the state or the federal court. If during the interval between the filing of the petition and the completion of removal procedures, which would not be later than June 20, the state and federal court had concurrent jurisdiction, the defendant would have been in default in the state court but not in the federal court where the action now lies. Even if the federal court could conceivably be said to have had no jurisdiction until the completion of these removal procedures, the case, which would have then been in default in the state court on June 20, would have been removed to the federal court and answer would have been allowed under Rule 81 (c).

■ Assuming no procedures had been initiated toward removal of this case to the federal court prior to receipt by the defendant of the state court order of the default judgment on June 23, the case could still have been removed at that time to the federal court and a mo-

tion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment.

In *Kizer v. Sherwood,* 311 F.Supp. 809 (M.D.Pa.1970), a default judgment in a tort action against a mailman was rendered in the Pennsylvania State Courts on July 15, 1969. On September 9 of that year the plaintiff gave the defendant written notice the plaintiff would petition the prothonotary to assess damages in his favor unless the defendant mailman filed a written request for trial on the issue of damages by September 24. On September 22, the United States removed the case to federal court and the question was whether federal court could set aside the state court default judgment. The federal court ruled it had the power to do so and stated in summary:

As far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute, 28 U.S.C. §§ 1441–1450, it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case. 28 U.S.C. § 1450; *Harter Township v. Kernochan,* 103 U.S. 562, 26 L.Ed. 411 (1880); *Munsey v. Testworth Laboratories, Inc.,* 227 F.2d 902 (6th Cir. 1955); *Miners Sav. Bank v. United States,* 63 F.Supp. 305 (M.D.Pa.1945). Since removal was properly accomplished under the Federal Drivers Act in this case, there is legitimate reason to apply the identical principle to set aside the default judgment rendered against Sherwood prior to removal of this lawsuit. Accordingly, the United States may immediately move for relief from the default judgment pursuant to Fed.R.Civ. P. 60(b). Cf. *Butner v. Neustadter,* 324 F.2d 783 (9th Cir. 1963).

*Id.* at 811–12.

The policy of the Fourth Circuit in setting aside default judgments is discussed at length in *Tolson v. Hodge,* 411

F.2d 123 (4th Cir. 1969). The court concluded that Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from onerous consequences of defaults and default judgments. Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.

It further occurs to this court that to deny the defendant its day in court under the circumstances presented here would be absurd. When the removal papers were filed in the Office of Clerk of Court for Greenville County, every litigant and every attorney in the state litigation was put on notice that the removal was in process, and that, until the integrity of that removal process was determined, the state courts should proceed no further. Of course, if there had been no notice given to the plaintiff's attorneys within the 30-day period, then the plaintiff's motion would have been to remand; the court would have been forced to grant such motion. However, notice to the adverse party within the 30-day period required by subsection (e) was given, even though notification occurred some four days after filing of the removal papers with the state clerk of court. In reality, a copy of the removal papers did not need to be served as long as the plaintiff was given notice. The statute does not require that the removal papers be served on the adverse party but that notice be given.

Having considered the motion of the defendants, and having ruled that this court, and not the state court, had jurisdiction at the time the default judgment was rendered in the state court, this court sets the same aside as null and void for want of jurisdiction. Now the court reaches the question of whether or not plaintiff's motion to remand should be granted.

This court "can hardly resist the allure of remanding the case to the State Court for two reasons: first, the present trial docket is heavy, and . . . [second], an order of remand is not appealable." *Patterson v. Refinery Engineering Co.*, 183 F.Supp. 459, 462 (D. N.M.1960). The removal statute, however, states that this case has been properly removed.

Although the provisions of subsection (e) were not complied with until the 23rd day of June, 1975, two days before the 30-day statutory period for removal was to expire, the notice was tendered within that 30 days. The requirement under the statute, that notice be "promptly" served upon the adverse parties, should not be so strictly construed as to warrant sending the case back to the state court. This court disagrees with the reasoning in *Coletti v. Ovaltine Food Products*, 274 F.Supp. 719, 723 (D.P.R.1967) to that effect. In the *Colletti* case, the court held that an unnecessary delay of five (5) days in notifying the plaintiff of the petition for removal was amply sufficient to order that the case be remanded to the Commonwealth Court of Puerto Rico. Under the circumstances here existing, a delay of four days is not sufficient as, in reality, the defendant could have waited until the 25th day of June and filed in the federal court, in state court, and given notice; the statute gives 30 days for that purpose. The word "promptly" has not been construed to mean simultaneous, or the same day, at the same time, or as to any particular or given time. The court finds that in this case the statute was sufficiently complied with and the motion to remand should be denied.

The cause will be placed on the regular roster of cases by the United States District Court for processing in this court.

And it is so ordered.